Rutland,
January,
1837.

JOEL STEVENS *v.* RALPH HEAD.

A conveyance of a right to use a patent right in a limited territory is not required to be recorded in the patent office.

Where a right to use an invention, secured by patent, is conveyed, and the vendee has not been disturbed in the exercise or use, the vendee must shew that the person conveying has no such right, if he seeks to recover against the vendor, on the ground that no right was conveyed.

Where, on the purchase of a patent right, notes are given for the consideration, and those notes are paid after the purchaser had full knowledge, or the means of knowledge of all the facts, such payment is voluntary, and there cannot be a recovery back of the sum paid ; although the purchaser might have avoided payment of the notes for want of consideration.

.This was an action of assumpsit for goods sold and delivered, and money had and received, in which the plaintiff sought to recover the amount of certain promissory notes, given by him to the defendant, and subsequently paid, the consideration of which notes was the conveyance, by deed, from defendant to plaintiff, of the exclusive right to make, use and sell, within certain parts of the states of Vermont and New York," an improvement in the machine for grinding apples for making cider, called a cider-mill." The original letters patent were granted to Constantine H. Wicks, and the deposition of the superintendant of the patent office was offered by the plaintiff, to shew that no assignment of " the whole or any part of the letters patent," from the patentee to the defendant, had ever been recorded in that office. This was the only evidence, offered by plaintiff, to prove that the defendant had no right to vend said patent, and had no conveyance of the same from the patentee, nor was there any attempt to shew any fraud or deceit on the part of the defendant. The schedule, attached to the letters patent, was read, and the plaintiff insisted that, from matters apparent on the face of said schedule, the letters patent were void.

The County Court decided, that, upon this evidence, the law would not warrant a recovery. Whereupon the plaintiff became non-suit, with leave to move this court to set aside the non-suit ; and the case came here upon that motion.

*G. W. Harmon, for plaintiff.*

I. The defendant having obtained no right to the patent, this action lies to recover back the consideration paid.

From the word " grant" the law implies a covenant, on the

part of the grantor, that he has a title. Bac. Abr. Covenant, B. Platt on Cov. 47. *Style* v. *Hearing*, Cro. Jac. 73. *Iggulden* v. *May*, 9 Ves. 330.

On the sale of personal property there is an implied warranty as to title. 2 Bl. Com. 451.

If the defendant holds an assignment from the patentee, still he has no title, as he omitted to procure the assignment to be recorded in the patent office. 2 Laws U. S. 348. Sec. 4.

The plaintiff paid his money, &c. under a mistake, supposing the defendant had a title—and this action lies to recover back the money. 1 Wheat. Sel. 69 *Cripps* v. *Reade*, 6 T. R. 606 *Shearer* v. *Fowler*, 7 Mass. Rep. 31. *Matthews* v. *Hollings*, 1 Wheat. Sel. 69, note 35.

The defendant conveyed the original cider mill, as well as the improvement. A person, making an improvement in a machine in existence, does not thereby acquire a right to use the original. 2 Pet. Cond. R. 361. *Ordiorne* v. *Winckley*, 2 Gallis. Rep. 51.

When the grantor or vendor has no title to part of the property sold, which is not capable of being separated, the vendee may rescind the contract and recover back the consideration money. *Chambers* v. *Griffith*, 1 Esp. Cas. 150. Sugden's Vendors, 187. *Scurfield* v. *Gowland*, 6 East. 241.

The burden of proof lies on the defendant to show he had a title. *Hayden* v. *Hayward*, 1 Campb. Rep. 180.

II. The patent being void, an action lies to recover the money back.

The payments made are not to be regarded as voluntary. *Bize* v. *Dickason*, 1 T. R. 295. *Cobden* v. *Kendrick*, 4 T. R. 432. 1 Wheat. Sel. 65, 67. 1 Comyn on Con. 448. 2 do. 49.

It is not necessary for the plaintiff to show a fraud. *Jaques* v, *Golightly*, 2 Black. Rep. 1073. *Shearer* v. *Fowler*, 7 Mass. Rep. 31. *Cripps* v. *Reade*, 6 T. R. 606. *Mathews* v. *Hollings*, 1 Wheat. 68, 69, note 35. 2 Com. Con. 128. *Shove* v. *Webb*, 1 T. R. 782. Peake's Cas. 109. *Hicks* v. *Hicks*, 3 East. 16.

It is not necessary for the plaintiff to show the patent set aside, or that he applied to the defendant to procure a new patent. *Scurfield* v. *Gowland*, 6 East. 241. *Chambers* v. *Griffiths*, 1 Esp. Cas. 140.

*Warner & Briggs, for defendant.*—The plaintiff is not entitled to recover back the money paid by him for the assignment of the patent, when it is not pretended that any fraud was practised by defendant, or misrepresentation made by him, and when plaintiff had as much knowledge of the value of invention as defendant.  4 Bos. & Pul. 260 and note.

The patent would be taken as good, until repealed by some proper proceeding.  1 Swift's Dig. 399.  *Williams* v. *Hick*, 2 Vt. Rep. 36.  *Taylor* v. *Hare,* 1 N. R. 260.  1 T. R. 286. 2 Stark. Ev. 114.

The testimony, offered by plaintiff to prove that defendant had no right to make the assignment, was insufficient.

I. Because it did not tend to prove that defendant had no right to make such assignment.  It is unnecessary that an assignment of a partial interest in a patent should be recorded in the patent office.

II. If it is necessary that a record of an assignment of a patent should be made in the patent office, to protect all the interest of the assigned, still an assignment made, and not so recorded, where the assignment has not been interfered with, would not entitle the assignee to recover back the consideration paid.

The opinion of the court was delivered by

WILLIAMS, Ch. J.  This action was brought to recover certain sums of money paid, and for the value of goods delivered, by the plaintiff to defendant, in payment of notes, which were executed by the plaintiff, and by the plaintiff and his surety to Strong & Head.  The suit was originally commenced against Strong & Head.  The notes, it appears, were executed on the purchase by the plaintiff from Strong & Head, of the right of making, constructing, using and vending to others to be used, an improved cider-mill, in different parts of the State of Vermont, for which a patent had been obtained, by one Wicks. The plaintiff claims that no consideration passed for the notes, that the money and goods paid thereon were paid without consideration, and that, therefore, he is entitled to recover back the same in this form of action.

It is to be observed that no fraud or deceit is imputed to the defendant, nor has any thing transpired, since the execution of the notes, to impair the right, whatever it was, which was conveyed to the plaintiff.

Some questions have been made to the court, which it may be well to notice, although the decision of them may not be necessary to determine the case before us. The plaintiff has contended, that the defendant had no right to make the conveyance, which was the consideration of the notes, as he had not procured his assignment from Wicks to be recorded; or, at least, that it was incumbent on him to shew his right, after the deposition of the superintendant of the patent office had been read. Our opinion is against the plaintiff on both of these positions. We think that an assignment of a particular interest in a patent right, or a conveyance of a right to use an invention, in a limited territory, is not required to be recorded in the patent office, by the laws of the United States. And as the plaintiff has not been disturbed in the exercise of the right, as conveyed, if it was essential to his right of recovery to prove that Wicks, or his assignees, had never conveyed to the defendant, or authorized him to make such conveyance as he did, the burden of proof was on him; as it was equally convenient for him to make such proof, as for the plaintiff to prove the affirmative. It also may be worthy of consideration, whether the plaintiff has not misconceived the action, if the word "grant" in the indenture implies a covenant of title, as he contends.

In the case before us it appears, that notes were given by the plaintiff for the purchase; that these notes were afterwards paid. If the patent was void for any of the reasons, which have been urged, either party had equal means of ascertaining it; and no misrepresentation was used by the defendant, nor any concealment of any material fact within his knowledge. The payment, therefore, by the defendant, was purely voluntary, with a full knowledge, or means of knowledge, of all the facts in relation to the transaction; and to permit a recovery, under these circumstances, wonld contravene a plain and acknowledged principle of law. *Brown* v. *McKinally*, 1 Esp. Rep. 279. *Marriot* v. *Hampton*, 2 Esp. 346.

There is manifestly a wide difference between permitting the maker of a note, given for a patent, void on its face, to avail himself of the want of consideration, as a defence, (and such was the case from 13 Wend.) or allowing him, after he has paid such a note, to recover back the sum paid. Of the case of *Corbin* v. *Kendrick*, 4 Term. Rep. 481, which is relied on to shew, that the payment was not voluntary, it is only necessary to re-

Rutland,
January,
1837.

Stevens
v.
Hoad.

Rutland,
January,
1837.

Stevens
v.
Head.

mark, that the question, whether the payment was voluntary, does not appear to have been raised, and moreover, the law upon the subject of voluntary payment, probably, was not fully settled at that time ; the only point, made in the court of King's Bench, was a question of evidence in relation to the admissibility of an attorney to testify to communications from his client. Starkie, in his treatise on evidence, Vol. 2. p. 118, treats it as a case, where money has been paid on compromise of an action, the compromise having failed and another action brought. The case itself cannot be considered as an authority for the ground taken by the plaintiff in this action. We do not discover any error in the views taken by the County Court. The plaintiff, therefore, takes nothing by his motion.