# CASES

IN THE

# SUPREME JUDICIAL COURT,

OF THE

## STATE OF MAINE.

---

NATHAN ASH, et al., *vs.* WILLIAM H. McLELLAN.

Hancock.   Opinion December 26, 1905.

*Money Voluntarily Paid.   When Same Cannot be Recovered Back.*

When one with a full knowledge of all the facts, or with means of knowledge, voluntarily pays money under a claim of right, he cannot maintain an action to recover it back.

When one demands money under a claim of right, and uses no other means to obtain it than importunity, or a threat, expressed or implied, of resort to litigation to obtain it if it is not voluntarily paid, and the one of whom the money is demanded has time for consideration and deliberation, and to obtain the advice of counsel or friends, and the money is then voluntarily paid to settle the demand, it cannot be recovered back, though the demand is illegal and unjust.

*Held:*   That in the case at bar, the payment of the plaintiffs was a voluntary payment and cannot be recovered back.

On exceptions by plaintiff.   Overruled.

Money had and received to recover back money paid by the plaintiffs to the defendant.   Previous to this action, the plaintiffs were sureties on a "poor debtor's" bond, dated August 30, 1902, given by one George R. Robinson, a judgment debtor, who had been arrested on execution, and on the 20th day of June, 1903, they, as sureties on said bond, paid to the defendant, who was then the legal owner of the judgment on which the execution was issued, $190 in settlement of bond and execution.   September 29th, 1903, the plain-

tiffs demanded of the defendant the return of the $190, so paid to him, and upon his refusal to return the money, this action was brought to recover it back. The action was heard at the October term, 1903, of the Supreme Judicial Court, Hancock County, before the presiding Justice with the right to except. The presiding Justice ruled that the defendant was entitled to judgment and ordered judgment accordingly. Thereupon the plaintiffs excepted.

The case is fully stated in the opinion.

Memorandum. One of the Justices sitting at the term of the Law Court when this case was argued, did not sit in this case, being disqualified under the statute by reason of having ruled therein at nisi prius.

*E. S. Clark,* for plaintiffs.

*Wm. H. McLellan and A. W. King,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SPEAR, JJ.

STROUT, J. Carter recovered a judgment against George R. Robinson. This judgment was duly assigned to the defendant McLellan, who became its legal owner. McLellan sued the judgment and recovered a new judgment in Carter's name for one hundred and forty-five dollars and eighty-two cents ($145.82) debt and nine dollars and ninety-three cents ($9.93) costs at the April Term S. J. C. 1896. Upon an execution upon this judgment, dated August 30, 1902, McLellan caused the debtor Robinson to be arrested, and the debtor gave bond to take the poor debtor's oath as provided by statute. The plaintiffs were sureties on that bond. Upon notice to Carter, Robinson did in fact take the poor debtor's oath on January 24, 1903, and thus performed the condition of his bond,—but McLellan had no knowledge of this fact from any source. After expiration of the time limited in Robinson's bond, McLellan, believing the condition had not been performed and that the sureties were liable, called upon them for payment. Robinson at that time was in the employment of the plaintiffs, and they saw him daily, and were indebted to him to some amount, which at the end of the season amounted to something over two hundred dollars.

Upon the call for payment by McLellan of the plaintiffs, Mr. Ash, one of the sureties and one of the plaintiffs, wrote him asking for his best terms, to which McLellan replied that he "would send the execution and bond fully discharged for one hundred and ninety dollars, the sureties paying the deputy sheriff." This was less than the amount due. Thereupon plaintiffs sent McLellan check for one hundred and ninety dollars ($190) and received back the bond and execution against Robinson fully discharged.

September 29, 1903, the plaintiffs demanded of McLellan the return of the money paid him, but made no offer to return the bond and execution at any time until after the hearing of this suit to recover the money. They obtained what they paid for, not only their discharge from the bond but the discharge of the judgment against Robinson. If for any cause they had the right to rescind or recover back the money paid, it was indispensable that they should have returned or offered to return the bond and execution before suit brought. But instead of that they retained the discharged execution and sued to recover the money paid therefor. Failing to do this, this action cannot be maintained.

But waiving this technical defense, and treating the case as one of a voluntary payment upon an honest claim of right by McLellan, though in fact unfounded, it would be expected that when the plaintiffs were asked to respond for the default of Robinson, the principal in a bond on which they were sureties, they would have called his attention to it, and asked him to make payment, or at least for authority to apply to that purpose the amount in their hands due to him, but instead of this the case finds that "neither Mr. Ash nor Mr. Marcyes made any inquiry of Mr. Robinson about the matter, and sent the check without consulting him and without his knowledge, fearing he would leave if told of the matter, and they desired to have his wages accumulate to that amount." The payment was in no sense compulsory. Plaintiffs knew all the facts that McLellan knew, and had excellent opportunity to learn that Robinson had taken the oath provided for in the condition of his bond. They intentionally refrained from consulting him, though he was in their employ and they saw him daily, for the purpose "to have his wages

accumulate" to the amount. Both parties believed there was a legal liability of plaintiffs. The true principle applicable in such cases is stated by Walton, J. in *Parker* v. *Lancaster*, 84 Maine, 515, to be that "when one demands money, under a claim of right, and uses no other means to obtain it than importunity and persistency, or a threat, expressed or implied, or resort to litigation to obtain it if it is not voluntarily paid, and the one of whom the money is demanded has time for consideration and deliberation, and to obtain the advice of counsel or friends, and the money is then voluntarily paid to settle the demand, it cannot be recovered back, though the demand is illegal and unjust." Early in May, 1903, McLellan wrote the deputy sheriff in regard to forfeiture of the bond, and to notify the sureties. This letter was read to plaintiffs who then wrote the defendant for his terms. McLellan replied June 16, and the check was not sent till June 20th. The plaintiffs therefore had ample time for consideration.

The rule of law quoted from *Parker* v. *Lancaster*, is supported by *Norris* v. *Blethen*, 19 Maine, 351 and *Gooding* v. *Morgan*, 37 Maine, 419. In the latter case Chief Justice Shepley says, "The law is regarded as settled in this state, if one with a full knowledge of the facts, or with the means of knowledge, voluntarily pays money under a claim of right, that he cannot recover it back." To the same effect is *Norton* v. *Marden*, 15 Maine, 45. See also *Gilpatrick* v. *Sayward*, 5 Maine, 465; *Rawson* v. *Porter*, 9 Maine, 119; *Wilson* v. *Barker*, 50 Maine, 447.

The plaintiffs had at hand the means to learn all the facts by an inquiry of their servant daily seen by them. It was inexcusable, almost culpable negligence not to consult him before making the payment. They intentionally refrained from doing this from an ulterior motive insufficient to justify their non-action. In such case they should be charged with knowledge of what they might easily and ought to have learned, and ought not to be permitted to take advantage of their self-imposed ignorance. This doctrine is sustained by *East-Haddam Bank* v. *Scovill*, 12 Conn. 310; *Behring* v. *Somerville*, 63 N. J. L. 568; *Stevens* v. *Head*, 9 Vt. 174; *West* v. *Houston*, 41 Hav. (Del) 170; *Simmons* v. *Lovell*, 41 W. Va. 738; *Harper* v.

*Price*, 17 W. Va. 545, as well as by the cases in this state, supra. There are opposing decisions, but we are satisfied with the rule settled in this state.

By making this payment and obtaining a discharge of the execution, without informing themselves of the fact of the disclosure of Robinson, the plaintiffs placed the defendant in a worse position than he would otherwise have been, since they thereby prevented his enforcing his execution against the judgment debtor in some of the ways that were still open to him. A suit in which the plaintiffs could have been summoned as trustees would apparently have secured all or a large part of the debt, as the plaintiffs owed Robinson at the end of that season over two hundred dollars.

A majority of the court is of the opinion that the ruling below that judgment should be for the defendant is correct, and the entry must be,

*Exceptions overruled.*