## Springfield *v.* Drake.

When the assignee of a right to canvass for and sell a patented machine, as agent, is not disturbed in exercising the right, the assignor, in an action for the purchase-money, is not required to prove his principal's title.

Such an assignment conveys no interest in the monopoly conferred by the patent, and may be verbal.

A ratification of an act done by one assuming to be an agent, relates back, and is equivalent to a prior authority.

It is fraud, if, in making an assignment, the assignor, on a material point, knowingly states what is false, or what he does not know to be true, and what was not equally well known to the assignee, who is misled thereby to his injury.

ASSUMPSIT, upon a promissory note.

The consideration of the note was a verbal assignment by the plaintiff to the defendant, of his right to sell a patented knitting machine in three towns in Carroll county, under his written appointment as agent of the Bickford Novelty Manufacturing Company.

The defendant claimed that the note was obtained by fraud, and that no right passed to the defendant by the assignment. The patentee of the machine was one Dana Bickford. The letters patent, and the plaintiff's written appointment by said company as its agent, were given in evidence. Said appointment authorized him to canvass for and sell the machine in Carroll county, the company agreeing to furnish said machine at their wholesale prices, and allow the retail profits as pay to the plaintiff for his services. Said verbal assignment was made and the note was dated February 1, 1869, and the defendant had the plaintiff order for him a bill of machines, which were furnished by the company on the third, and paid for on the fourth, of the same month.

It did not appear that the defendant was disturbed in the exercise or use of his rights as conveyed. The charge of the court, and other material facts, sufficiently appear in the opinion.

*B. C. Carter*, for the plaintiff.

*Quarles*, for the defendant.

BINGHAM, J. It does not appear that Bickford had conveyed his title to the company at the time of the plaintiff's appointment; and the defendant claims that, his principal having no apparent title, the agent's conveyance would not be a sufficient consideration for the note. The defendant obtained the patented machine for sale under his assignment, and he was never disturbed in the full use of all the rights he supposed he acquired under it, and for which he gave his note.

The general doctrine upon this subject appears to be, that when the vendee has not been disturbed in the exercise and use of his rights as conveyed, he is not in a situation to call upon the vendor, in an action for the purchase-money, to establish his title to the thing sold. *Buss* v. *Putney*, 38 N. H. 47; *Bartlett* v. *Holbrook*, 1 Gray 114; *Stevens* v. *Head*, 9 Vt. 174. If it is material to his defence that the vendor's want of title appear, the burden is upon him to prove it.

The defendant excepted to the charge of the court, that the plaintiff could convey to the defendant, by verbal assignment, the rights he had under his appointment.

A patent is personal property—*Holden* v. *Curtis*, 2 N. H. 63—and, if it were not for the law of congress, could be conveyed by parol. *Buss* v. *Putney*, before cited. The plaintiff conveyed to the defendant, by the verbal assignment, the authority and license he had of the company to canvass and sell the machine in three towns in Carroll county, and to have the machine furnished him at wholesale prices, retaining the retail profits as pay for his services. This was not a conveyance of any interest in the monopoly conferred by the letters patent. It was a mere assignment of the plaintiff's license to canvass and sell for the owner in those towns, and not required to be in writing. *Gayler* v. *Wilder*, 10 How. 477.

The defendant's objection, that the plaintiff had not authority to make the assignment, is not well taken. The appointment provides that the plaintiff may do the work, or cause others to do it, which is sufficient to authorize the making of the assignment. If there had been no prior authority, there was a subsequent ratification. A ratification is equivalent to prior authority. *Despatch Line* v. *Bellamy*, 12 N. H. 232; *Davis* v. *School District*, 44 N. H. 407.

Upon the question of fraud, the court charged the jury that the plaintiff must have stated what was false, and known to be so, or not known to be true, on a point material to the contract, in relation to a matter not equally within the knowledge of the defendant, and by which the defendant was actually misled to his injury.

We think this a correct statement of the law. *Hoitt* v. *Holcomb*, 23 N. H. 535, 552; *Gage* v. *Gage*, 29 N. H. 543.

*Judgment on the verdict.*