SMART *v.* TETHERLY.

A declaration counting on goods sold and delivered cannot be amended by adding a special count on the acceptance by the defendant of an order given the plaintiff by a creditor of the defendant.

ASSUMPSIT, for goods sold and delivered. H. owed the plaintiff a balance of $100 on a bill of lumber. The defendant owed H. more than that sum for labor. H. gave the plaintiff an order for that amount on the defendant, and it was mutually agreed by the three parties that the defendant should pay the plaintiff the amount of the order, and apply that sum on his indebtedness to H. The plaintiff was allowed to amend his declaration by adding a special count on the defendant's acceptance of the order, and the defendant excepted. The cause was tried on the amended count, and the plaintiff had a verdict.

*Small* and *Wheeler*, for the plaintiff.

*Marston & Eastman*, for the defendant.

ALLEN, J. An amendment which changes the cause of action, or introduces a cause of action entirely new and different from that stated in the original declaration, is not allowed. *Butterfield* v. *Harvell*, 3 N. H. 202 ; *Goddard* v. *Perkins*, 9 N. H. 488 ; *Stevenson* v. *Mudgett*, 10 N. H. 340 ; *Melvin* v. *Smith*, 12 N. H. 462 ; *Moses* v. *B. & M. R. R.*, 32 N. H. 524, 534 ; *Wood* v. *Folsom*, 42 N. H. 70. The original declaration was for goods sold and delivered. The amendment proposed was a new count, on the acceptance of an order by the defendant given to the plaintiff by a third person, H. If the defendant accepted the order, and the plaintiff took him instead of H. as a debtor, the defendant's debt to H. and H.'s debt to the plaintiff for that amount were extinguished, and a new liability of the defendant to the plaintiff was created. The mutual agreement of the three parties was a novation. It was not an agreement of the defendant to pay for the lumber which the plaintiff had sold to H., but an agreement to pay a specific sum to the plaintiff in consideration of the discharge of a like amount of his indebtedness to H. *Heaton* v. *Angier*, 7 N. H. 397 ; *Tatlock* v. *Harris*, 3 T. R. 174 ; *Butterfield* v. *Hartshorn*, 7 N. H. 345 ; 1 Pars. Con. 220, 221. The plaintiff cannot treat his claim as an assignment, merely, of H.'s claim against the defendant, and as security for his own claim against H., for in that case he could only sue in the name of H.

The proposed amendment introduced a new cause of action, destroyed the identity of the original cause, and must be disallowed.

*Verdict set aside.*

BINGHAM, J., did not sit.