## FARMINGTON NATIONAL BANK v. BUZZELL & ux.

Evidence that the defendant presented to the plaintiffs, for discount, a note upon which his wife's name appeared as principal, but which he knew she never signed nor authorized him to sign for her, is competent to sustain a declaration which alleges that he presented to the plaintiffs a note upon which he falsely and fraudulently represented his wife was principal when in fact she was merely his surety.

CASE, for deceit. The first count in the declaration alleges that the defendants falsely and fraudulently represented to the plaintiffs that the defendant Josie M. F. Buzzell was principal upon a certain promissory note signed by her and by the defendant Samuel H. Buzzell, her husband, and by one Jacob P. Buzzell; and the plaintiffs, relying upon said false representations, discounted the note and gave the defendants the sum of $2,545.50 therefor; whereas in fact she was surety upon the note for her husband, and refused to pay the same for that reason; and the said Samuel and Jacob becoming insolvent, the note and the consideration for the same have been wholly lost to the plaintiffs.

The defendants moved for a nonsuit. Motion granted, and the plaintiffs excepted.

*W. L. Foster* and *G. E. Cochrane*, for the plaintiffs.

*Copeland & Edgerly*, for the defendants.

SMITH, J. There was no evidence which tended to show that Mrs. Buzzell was a party to any fraud upon the plaintiffs. There was no evidence tending to show that she signed the note, or made any representations to the plaintiffs, or was present when any were made, or authorized any one to make any, or knew that any had been made. She never signed the note, and never authorized any one to sign it on her behalf. As to her, the nonsuit was properly ordered.

As to Samuel H. Buzzell, the evidence tended to prove that he offered a note to the bank for discount of the tenor of that described in the first and second counts, upon which he had forged his wife's name as principal, and the officers of the bank, relying upon the wife as principal, discounted the note, which they would not otherwise have done. The offering of the note to the bank as a genuine note was, in effect, a statement that the signatures were genuine, or placed upon the note by authority. The officers of the bank understood Mrs. Buzzell's signature was genuine, and that she was principal upon the note. He was silent when Cook, the cashier, in his presence, asked Cloutman, the president, if he was satisfied with Mrs. Buzzell as principal. He knew they understood, from his conduct in presenting the note as genuine, that Mrs. Buzzell was the principal. The deception was complete, although he did not state expressly that his wife's signature was genuine or had been put upon the note by her authority. His conduct was equivalent to stating what was false, and known by him to be false, on a material point, in relation to a matter not equally within the knowledge of the plaintiffs, and they were actually misled thereby to their injury. *Hoitt* v. *Holcomb*, 23 N. H. 535, 552; *Gage* v. *Gage*, 29 N. H. 543; *Springfield* v. *Drake*, 58 N. H. 19, 21.

The declaration charges that he presented a note upon which he

falsely and fraudulently represented his wife as principal: the proof is that he presented a note upon which she purported to be principal, but was not, in fact, either principal or surety. As to him the nonsuit is set aside, and as to Mrs. Buzzell the exceptions are overruled.

*Case discharged.*

BLODGETT, J., did not sit: the others concurred.