Merrimack, }
Dec. 3, 1901. }

### PERRY *v.* HARDY.

In an action of trespass *quare clausum*, a verdict cannot be directed for the
plaintiff when there is evidence from which it might reasonably be found
that the defendant's ancestor in title was induced to enter into an agree-
ment as to the location of the disputed divisional line by fraudulent repre-
sentations on the part of the plaintiff, by whom such agreement is set up.

TRESPASS *quare clausum*.  Trial by jury and verdict for the
defendant.  Transferred from the superior court by *Peaslee*, J.

The issue was whether the line claimed to by the plaintiff had
been agreed upon by himself and the defendant's ancestor in title.
Upon this point the plaintiff and two other persons, who were
present when the line was run, testified that there was such an
agreement.  The defendant's grantor, Dow, testified that he had
the line run, agreed upon a division of the fence, and paid dam-
ages for cutting over the line in order to avoid a lawsuit, to settle
with the plaintiff, and to keep out of trouble.  The plaintiff testi-
fied that there was no dispute as to the location of the line, that
Dow cut over the line, and that he asked to have it run and the
damages settled.

None of the deeds describe the line by bounds.  For many years
the lots lay in common ; and the evidence was conflicting as to
whether the old fence was still plainly visible, and as to the loca-

tion of the original line. It was a disputed question whether the stakes and stones at the termini of the line, as claimed by the plaintiff and run by the surveyor, were the true bounds. There was evidence that Dow was ignorant of the location of the boundaries, and that the plaintiff, who had been familiar with the premises for many years, pointed out certain objects as the true bounds.

The plaintiff's motion that a verdict be directed for him upon the issue tried was denied, subject to his exception.

*Albin & Shurtleff*, for the plaintiff.

*Martin & Howe* and *Walter S. Peaslee*, for the defendant.

CHASE, J. In the brief filed in behalf of the plaintiff counsel say : "From the line of argument before the jury, it is anticipated that the defendant may claim the agreement [as to the line] was void on account of fraud on the part of the plaintiff." They proceed to cite authorities bearing on the question of fraud, and to argue the point ; the defendant's counsel do the same. It is inferred from these facts that the issue of fraud was submitted to the jury. If, as the plaintiff alleges, the evidence as to an agreement was wholly in his favor, still the motion to direct a verdict for him should not be granted if there was evidence from which impartial and reasonable men might fairly find that Dow was induced to make the agreement by the plaintiff's fraud.

If the plaintiff pointed out to Dow, as true boundaries in the line, objects that were not such in fact, and he knew that they were not, or did not know that they were, true boundaries, and, the matter not being equally within the knowledge of Dow, he was misled and induced to agree to the line thereby, the misrepresentations (being with reference to matters that were material to the agreement) would constitute fraud, of which Dow and those having his estate could avail themselves and avoid the agreement. *Hoitt* v. *Holcomb*, 23 N. H. 535, 552 ; *S. C.*, 32 N. H. 185 ; *Gage* v. *Gage*, 29 N. H. 533, 543 ; *Jones* v. *Emery*, 40 N. H. 348 ; *Springfield* v. *Drake*, 58 N. H. 19 ; *Farmington Nat'l Bank* v. *Buzzell*, 61 N. H. 618 ; *Stewart* v. *Stearns*, 63 N. H. 99. The evidence tended to show that the plaintiff pointed out objects as the boundaries. Whether he knew they were not the true boundaries, or did not know they were the true ones, is not material, since his representation in either contingency would be an element of fraud. There was evidence that Dow was ignorant of the location of the boundaries. The evidence was conflicting as to whether the old fence was still plainly visible, and as to the location of the original line. If Dow was ignorant of the location of

the line, and evidences of it upon the ground had been oblit-
erated, it would not be an unreasonable inference that he was not
in fault for not knowing or discovering that the plaintiff's repre-
sentations were false.　Dow ran the line, agreed to a division of the
fence, built his portion of it, and settled with the plaintiff for the
alleged trespass.　Apparently, he did all the things that are relied
upon by the plaintiff to prove the agreement, believing the plain-
tiff's representations were true.　There was evidence before the
jury from which impartial and reasonable men might fairly find
that the plaintiff fraudulently made false representations regard-
ing the line, and that Dow was induced thereby to enter into the
agreement which the plaintiff sets up.　The plaintiff's motion
was properly denied.　*Paphro D. Pike Co.* v. *Baty*, 69 N. H. 453,
458; *State* v. *Harrington*, 69 N. H. 496; *O'Hare* v. *Company*,
ante, p. 104.

*Exception overruled.*

All concurred.