Hillsborough, }
Nov. 5, 1907. }

## WARREN *&* a. v. HAYES *&* a.

### SAME v. DIXON.

A mortgage given to secure an indorser of the mortgagor's note is not discharged as matter of law by payment of the obligation, but subsists for the benefit of an assignee thereof who advances funds for the defrayal of the original loan.

The equitable right of an innocent mortgagee for value is, to the extent of the loan, superior to the right of the mortgagor's grantor whose conveyance was induced by fraud; and the lien of such mortgagee is not invalidated by a subsequent conveyance to him of the mortgagor's equity of redemption, in satisfaction of the mortgage debt.

A principal is chargeable with his agent's knowledge of a particular transaction only so far as the latter's acts with respect to it were within the scope of his authority.

A principal who has knowledge of his agent's unauthorized act and accepts a benefit therefrom is estopped to repudiate the agency.

BILLS IN EQUITY, the first to avoid a fraudulent conveyance, and the second to remove a cloud from the plaintiffs' title. There was a decree for the plaintiffs in the first action against all the defendants except Mrs. Dixon, and the second action was dismissed, and the plaintiffs excepted. Transferred from the January term, 1907, of the superior court by *Peaslee*, J.

The plaintiffs were induced to convey the property in question to Hayes' grantor by the fraud of the defendants in the first action. Hayes mortgaged it to one Jennings. The mortgage purported to be made to secure the payment of Hayes' note for $3,500, payable to Jennings on demand, but was in fact made to secure Jennings for indorsing a note for Hayes. That note was paid at maturity, but the mortgage was not discharged, and it was subsequently

agreed that Jennings should indorse another note for Hayes and hold the mortgage as security for so doing.

In May, 1902, Hayes borrowed $3,000 of Mrs. Dixon, the defendant in the second action, to pay the second note indorsed by Jennings, and the latter assigned the mortgage to her to secure the payment of her loan to Hayes. The loan not being paid when due, she employed J. B. Dixon, one of the defendants in the first action, to collect it, and he had Hayes convey the property to her in satisfaction of her claim against him. She supposed J. B. Dixon was acting for her when he procured the conveyance from Hayes, but she afterward learned that he acted in the matter for Hayes. Both Mrs. Dixon and Jennings are innocent parties, and at the time the settlement was made she did not know any of the facts which it is now claimed invalidate her title to the property.

*G. K. & B. T. Bartlett*, for the plaintiffs.

*Taggart, Tuttle, Burroughs & Wyman*, for Mrs. Dixon.

YOUNG, J. The payment of the notes indorsed by Jennings did not discharge the mortgage as a matter of law (*Quimby* v. *Williams*, 67 N. H. 489, 492, 493); so when he assigned the mortgage to Mrs. Dixon, the legal title to the property vested in her to secure the payment of her loan to Hayes. Since she was an innocent purchaser for value to the extent of that loan, her equitable right to the property was, to that extent, superior to the plaintiffs'. *Lewis* v. *Dudley*, 70 N. H. 594. Since this is so, the conveyance from Hayes did not invalidate her lien on the property, unless she is held to know that Hayes' title to it was procured by fraud, or unless she is in some way estopped to deny that J. B. Dixon was acting for her when he procured that conveyance.

If she is to be held to have known of the defect in Hayes' title, it must be because of the rule which imputes the knowledge of an agent to his principal; for it is found that she neither knew nor ought to have known of it. That rule does not charge the principal with his agent's knowledge of facts affecting the subject-matter of the business in which the latter is employed, unless the agent in fact acts for the principal in what he does in the matter in respect to which it is sought to charge the principal with his knowledge. *Henry* v. *Allen*, 151 N. Y. 1, 10. In other words, the principal is not charged with his agent's knowledge regarding a particular transaction unless the latter's acts in respect to it were within the scope of his employment. To illustrate: If a person employs an agent to buy property, and the latter, instead of buying, sells to the principal property procured from a stranger by

fraud, the agent's knowledge of that fraud will not be imputed to the principal (*Allen* v. *Railroad*, 150 Mass. 200, 206); but if the agent buys property for the principal, the latter will be charged with the agent's knowledge of any defects in the grantor's title. *Hovey* v. *Blanchard*, 13 N. H. 145, 149. The test, therefore, to determine whether an agent's knowledge is to be imputed to his principal is to inquire whether or not the agent was acting for the principal when he did that in respect to which it is sought to charge the principal with his knowledge. *Clark* v. *Marshall*, 62 N. H. 498, 500; *Brookhouse* v. *Company*, 73 N. H. 368, 374; *Gunster* v. *Company*, 181 Pa. St. 327,—59 Am. St. Rep. 650, 658, note; *Akers* v. *Rowan*, 36 S. C. 87,—10 L. R. A. 705, 706, note.

It has been found that J. B. Dixon was not acting for Mrs. Dixon when he procured the conveyance from Hayes, so she is not charged with his knowledge of the defect in Hayes' title. Consequently, she can hold the property as she would if that conveyance had not been made, unless she is estopped to deny that J. B. Dixon was her agent when he procured it. Although the plaintiffs cannot maintain this action by merely showing that J. B. Dixon was in Mrs. Dixon's employ when the conveyance was made, she cannot set up that conveyance to defeat the plaintiffs' right to redeem the property from her. The reason is, not that she is charged with J. B. Dixon's knowledge, but because a person cannot claim the benefit of so much of his agent's unauthorized act as is beneficial to him and repudiate the remainder. If he accepts any benefit from it after he knows and appreciates what his agent has done, he will be estopped to deny that the agent was acting for him. In other words, such conduct constitutes a ratification of the agent's act. In this case it is not found that Mrs. Dixon claims to stand any better because of the conveyance than she would if it had not been made, so it cannot be said as a matter of law that she is estopped to deny that J. B. Dixon was her agent.

*Exception overruled.*

All concurred.