Hillsborough, ⎫ No. 3493.
Nov. 8, 1944. ⎬

FLORA E. LECLERC *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA.

*Green & Green, Osgood & Osgood (Mr. Anson Osgood* orally), for the plaintiff.

*Thorp & Branch (Mr. Branch* orally), for the defendant.

BURQUE, J. The case is on all fours with *Boucouvalas* v. *Insurance Co.,* 90 N. H. 175, and is controlled by it. Here, as in that case, the applications were attached to and made part of the policies. Together they constituted the entire contract. The applications contained false answers as regards the condition of insured's health, and previous treatment. He stated he was in good health, never had had heart trouble, and never had been treated by a doctor, while in fact he had rheumatic heart trouble for a number of years, and had been attended by various physicians.

Plaintiff's position is that those facts were known to the agents who solicited the insurance, and they being the company's agent and not the insured's, the company is bound by their acts. This is answered fully in the *Boucouvalas* case, *supra*, 177, where it is said: "the question presented, . . . is one of determining the common-law rule relating to the chargeability of a principal with the knowledge of his agent." "The principal is not charged with the knowledge of his agent when the latter is engaged in 'committing an independent, fraudulent act on his own account, and the facts to be imputed relate to this fraudulent act.'" *Supra*, 178, citing *Brookhouse* v. *Company*, 73 N. H. 368, 374. "The principal is not charged with his agent's knowledge regarding a particular transaction unless the latter's acts in respect to it were within the scope of his employment," and the rule is summarized in the statement that "The test, there-

fore, to determine whether an agent's knowledge is to be imputed to his principal is to inquire whether or not the agent was acting for the principal when he did that in respect to which it is sought to charge the principal with his knowledge." *Warren* v. *Hayes*, 73 N. H. 355, 356, 357, and cases cited. *Boucouvalas* v. *Insurance Co.*, *supra*, and cases cited.

"Applying the foregoing rule to the facts in the case at bar it is evident that the defendant is not chargeable with its agent's knowledge of the poor health and hospital record of the insured. In soliciting the application for the policy of life insurance the agent was without doubt acting within the scope of his employment, but in falsely reporting the answers made by the insured to the questions contained therein the agent was engaged in an independent fraudulent act upon his own account and for his own benefit. It cannot be said that when the agent embarked upon this scheme to defraud not only the insured but also the insurer, that he was acting either for the latter or in its behalf." *Boucouvalas* v. *Insurance Co.*, *supra*, 178.

That a fraud was perpetrated upon the company must be conceded. The plaintiff undertakes to argue that the assistant superintendent (one of the soliciting agents) was acting within the scope of his authority, and calls attention to his statement to show he had authority to bind the company to issue the policies in this case. The statement is: "As long as somebody is working and standing on their feet, we don't see why we can't insure them." This is not a positive statement; it is, on the contrary, one of doubtful purport. Were it a fact that the assistant superintendent was satisfied he had authority to bind his company to issue a policy in a case of this kind, he would, no doubt, have stated it in positive words, and not in what amounts to questionable ones. He belies his belief of authority when he accepts an application with answers he knows to be false, and through which he perpetrates a fraud.

Plaintiff says fraud cannot be presumed nor inferred, but must be strictly proven, and cites *Jones* v. *Emery*, 40 N. H. 348. But she neglects to add, as found in the above case, *p.* 350, that: "whenever it is manifestly indicated by the circumstances and condition of the contracting parties, it will be presumed" and "where a party designedly misrepresents a material fact, which it was his duty to disclose, and upon which the other party had a right to rely, and did rely, for the purpose of misleading and deceiving the other party to his injury, he is guilty of a positive fraud, which will authorize the

other party to avoid the contract." See also *Perry* v. *Hardy*, 71 N. H. 151, 152.

The "fraud may consist in the intentional concealment of a material fact as well as in a false statement of a fact." *Knox* v. *Perkins*, 86 N. H. 66, 69, and cases cited. In the case at bar we have both concealment and false statement of a material fact. The fraud is proven.

Plaintiff's argument that the assistant superintendent had the power to bind the company avails her nothing. All the authority the assistant superintendent had was to write the applications for the policies. He had no authority, as stated in the applications, "to waive the answer to any question herein, to modify this application, or to bind the company by making any promise or representation or by giving or receiving any information," all of which was agreed to by the applicant. In this respect, life insurance agents differ from fire insurance agents. See the *Boucouvalas* opinion, *supra*, 177, 179.

The nonsuit was properly ordered.

*Judgment for the defendant.*

BRANCH, J., did not sit: the others concurred.