Hillsborough,
No. 4692.

EUGENE L. BARBER & a. v. EMMA L. SOMERS.

Argued November 6, 1958.

Reargued March 4, 1959.

Decided April 7, 1959.

*Devine & Millimet* (*Mr. Millimet* orally), for the plaintiffs.

*Hamblett, Kerrigan & Hamblett* (*Mr. David C. Hamblett* orally), for the defendant.

BLANDIN, J. The plaintiffs base their petition for rescission and restoration to the status quo on these grounds: "(a) Fraud, misrepresentation or mutual mistake of fact in connection with the excessive valuation of the gas business, and (b) violation of a fiduciary obligation on the part of the accountant, who was the principal architect of the entire transaction, and whose position was well known to the defendant and used by her for her own benefit."

The defendant contends that as a general rule rescission for mutual mistake, misrepresentation, or fraud is not a matter of right, but is discretionary with the Court. We believe this correctly states the law. *Cotton v. Stevens,* 82 N. H. 105, 109; 2 Story, Equity Jurisprudence (14th *ed.*) *s.* 1026; 12 C. J. S., Cancellation of Instruments, *s.* 3.

In order to grant rescission for any of the above causes, it must as a general rule not only appear that at least one exists, but that damage has resulted (*Record* v. *Trust Company*, 89 N. H. 1, 8-9), that there will not be undue hardship on the defendant (*Johnson* v. *Shaw*, 101 N. H. 182, 188) and that the parties can be placed in statu quo. *Record* v. *Trust Company, supra.* The granting of rescission "is always a matter of sound and reasonable discretion on the part of the Court, in the exercise of which discretion it grants or withholds relief according to the circumstances of each particular case." *Bourn* v. *Duff*, 96 N. H. 194, 200. In short, rescission can only be granted when in all the circumstances it appears right and just to the parties to do so. *Oullette* v. *Ledoux*, 92 N. H. 302. *Cotton* v. *Stevens, supra,* 109; Black, Rescission and Cancellation of Contracts, s. 644; 2 Story, Equity Jurisprudence (14th *ed.*) *ss.* 1026-27.

In support of their position, the plaintiffs urge that the Court's discretion is narrow in scope. They stress that they asked for rescission only, that they and they alone have the right to elect their remedy, and that having done so, the Court erred as a matter of law in granting damages and refusing rescission. We believe there are conclusive answers to these claims. In the first place, as previously pointed out, it is axiomatic that the Court's discretion is not as circumscribed as the plaintiffs would have us hold, but is broad and flexible, the latter quality especially being a distinguishing feature of equity. 1 Pomeroy, Equity Jurisprudence (5th *ed.*) *s.* 109. Its exercise depends on the circumstances of the particular case. *Cotton* v. *Stevens, supra,* 109; *Manchester Dairy System* v. *Hayward*, 82 N. H. 193, 206, 207; Black, Rescission and Cancellation, *s.* 644.

It is also fundamental that once having acquired jurisdiction, as here, equity will give complete relief rather than forcing the parties to the delay and expense of another trial. *Manchester Dairy System* v. *Hayward, supra; Oullette* v. *Ledoux, supra.* It may be noted in passing that the plaintiffs, in addition to their request for rescission, also asked for "such other and further temporary relief as may be just." Modern authorities agree that the doctrine of election has lost much of the rigidity which once characterized it. *Ricker* v. *Mathews*, 94 N. H. 313, 317, 318, and authorities cited.

5 Williston, Contracts (Rev. *ed.*) *s.* 1528, cited by the plaintiffs to prove they have a substantive right to rescission, does say that

"the traditional view has been that the choice between substantive legal relations — between contract or no contract — is made by the mere manifestation of election, whether that be simply by the injured party's conduct in other ways, or by his bringing suit for rescission or action for damages and deceit." However, this authority goes on to state in the same section that this no longer represents the modern view, but because of the injustice it caused, a far more liberal trend now prevails. *Id.,* 1481-1485. The traditional view is no longer held in this state. *Ricker* v. *Mathews,* 94 N. H. 313, 317, 318. In any event, we do not believe the plaintiffs, by choosing a remedy, can deprive the Court of its traditional discretionary power.

We now turn to the facts to determine whether the Court, in denying rescission and granting damages, made a "plain mistake" (*Bennett* v. *Larose,* 82 N. H. 443, 447), or whether there be evidence in the record upon which the decision could reasonably have been made. *Romano* v. *Company,* 95 N. H. 404, 406.

In regard to the misrepresentation as to the value of the gas business, which is one of two principal factors upon which the plaintiffs place main reliance, the Court found that while they did rely on the statement that an $80,000 offer had been made, and that this was the probable liquidation value of the gas business, it was actually not worth in excess of $42,000. However, the Court also found that the plaintiffs, as was stated by the plaintiff Eugene L. Barber himself, never intended to liquidate the gas business or any part of the corporate property and never tried to do so. The Court concluded that they purchased it as a going concern, and intended to operate it as such. It also found that neither the defendant nor her accountant Houde intended to deceive the plaintiffs in regard to the worth of the gas business nor in any other way. These findings are sustainable on the record.

As a further reason why rescission should be granted, the plaintiffs contend that Houde was employed by them and the defendant, that he misrepresented the value of the gas business on the basis of the $80,000 offer, and that while occupying a fiduciary relationship to them, he accepted $5,000 from the defendant for his part in procuring the sale without informing the plaintiffs of this, whereas had they known of it they would never have gone through with the sale. Taken as a whole, they assert this misconduct was such as entitled them to rescission as a matter of law.

In regard to Mr. Houde, it is true that if one in a fiduciary

relationship to another takes advantage of this to negotiate a contract wherein he represents a conflicting interest, the party imposed upon may rescind the agreement. *Stevens* v. *Stevens*, 97 N. H. 135; *Wendt* v. *Fisher*, 243 N. Y. 439. In such cases, courts are rightly solicitous to see that the person who has justifiably relied upon another suffers no losses. *Hines* v. *Donovan*, 101 N. H. 239. The right to rescission, however, is subject to the discretionary power of the court.

On the vital issues of whether the parties could be returned to the status quo (*Record* v. *Trust Company*, 89 N. H. 1) and whether rescission would be an undue hardship on the defendant (*Johnson* v. *Shaw*, 101 N. H. 182, 189), there were no special findings. However, the plaintiffs' request, in effect, that the Court find that the parties could be returned to the status quo, was denied, and the decree is clearly inconsistent with findings favorable to the plaintiffs on these questions. In the exercise of its discretion on the matter of rescission, the Court was entitled to treat as highly persuasive the plaintiffs' failure to convince it on these issues. Their claim that the denial of their petition for a receiver in December, 1956, prior to a hearing on the merits, is *res judicata* of the fact that the statu quo could be restored, cannot be sustained. The obvious purpose of this order of the Court was merely to hold matters in abeyance pending a hearing on the merits.

The findings which were made, considered as a whole, were consistent with the decree. There was evidence, too, that the defendant, Mrs. Somers, had changed her position, including her residence and mode of living, had made other commitments, and was ill. She testified, among other things, that she was without any substantial resources with which to carry on the business. Viewing the entire situation, it cannot be said that all reasonable persons must agree that the parties could be placed in status quo and that rescission would work no undue hardship on the defendant. We believe, on the record and on the findings made, the order denying rescission was proper. *Perry* v. *Company*, 101 N. H. 97, 100.

The question next presented is the plaintiffs' contention that even if rescission be denied and damages given, the Court erred in fixing the amount at $21,000. In regard to the innocent misrepresentation as to the value of the gas business, the Court found that the plaintiffs relied upon the alleged $80,000 offer for this

business as a separate unit, but that its value as such did not exceed $42,000. The fact that they did not intend to liquidate this portion of the business is immaterial. The plaintiffs were entitled to recover the difference between what the capital stock was worth, determined by ascertaining the value of the entire business represented by it, and what it would have been worth had the representation been true. *Lampesis* v. *Comolli*, 101 N. H. 279, 284. The Court is entitled to consider, together with other evidence, the purchase price of $110,000 in determining what the stock was worth. See *Page* v. *Parker*, 43 N. H. 363, 369. Since it appears there was error in the assessment of damages, the plaintiffs' exceptions thereto must be sustained. The defendant's exceptions, based on the proposition that the plaintiffs suffered no loss and are entitled to no award, are overruled. The order is

*Remanded.*

DUNCAN, J., dissented; the others concurred.

DUNCAN, J., *dissenting:* I am of the opinion that upon the facts found the ruling "as a matter of law" that rescission should be denied was erroneous; and that the Court exceeded its discretionary powers in denying rescission, if the decree was entered in the Court's discretion. 5 Williston, Contracts (Rev. *ed.*) *s.* 1523; *Seneca Wire & Mfg. Co.* v. *Leach & Co.*, 247 N. Y. 1. See also, 2 Lawrence, Equity Jurisprudence, *ss.* 755, 756, 760-762. To the extent that the plaintiffs cannot restore what they received from the defendant, compensation can be made upon an accounting. *Beaudry* v. *Favreau*, 99 N. H. 444; *Newton* v. *Tolles*, 66 N. H. 136, 139. Any change in the defendant's position which occurred after the sale can furnish no basis for denial of the relief sought. Restatement of the Law, Restitution, *s.* 142 (3) and *comment* d. I find nothing in the record to justify discretionary denial of rescission (see *Twardosky* v. *Company*, 95 N. H. 279, 285; *Manchester Dairy System* v. *Hayward*, 82 N. H. 193, 206, 207; *cf.* *Cotton* v. *Stevens*, 82 N. H. 105, 109), and no recognized principle of equity which can properly be invoked to support it. I would therefore vacate the decree of the court below in its entirety.