BRUCE J. GORDON & a.

v.

WALTER J. TAFE, JR. & a.

April 3, 1981

*James M. Winston,* of Manchester, by brief for the plaintiffs.

*Christy & Tessier,* of Manchester (*Thomas J. Tessier* on the brief), by brief for the defendants.

PER CURIAM. In June 1978, the parties entered into a contract for the purchase and sale of the defendants' house. Two months later, the plaintiffs moved in, and shortly after that they discovered that the building was infested by termites. Subsequently, the plaintiffs filed a bill in equity, seeking rescission of the contract and damages. In support of the bill, they maintained that the defendants were aware of the termite problem prior to the sale

and had misrepresented the condition of the house to the plaintiffs at the time of the conveyance. After a trial which included a view, the Superior Court (*Souter*, J.) found that the conveyance was based on a mutual mistake of material fact and granted the relief requested by the plaintiffs. The defendants appeal. They do not challenge the trial court's finding of mutual mistake but argue that rescission was an inappropriate remedy.

Rescission is an equitable remedy, which is discretionary with the court depending upon the facts of each case. *Barber v. Somers*, 102 N.H. 38, 42–43, 150 A.2d 408, 411 (1959); 8A G. THOMPSON, COMMENTARIES ON THE MODERN LAW OF REAL PROPERTY § 4465 at 365, § 4471 at 397 (1963). It is also held as a general proposition of law that before rescinding a contract, the court must determine that the parties can be returned to the status quo and that there will be no undue hardship to the defendant. *Barber v. Somers, supra* at 43, 150 A.2d at 411.

The defendants first argue that the parties could not be returned to status quo because they had bought a new house. If we were to accept defendants' argument, then a court could almost never grant rescission in a case like the present, for it is not unusual for sellers to buy a new home in a similar situation. Furthermore, this court has recognized that the general principle that the parties must be put in the same situation in which they stood at the time of the contract was entered into cannot be taken in a strict literal sense. Otherwise "no contract could be rescinded after there has been a change of possession, because the parties could not be put in the same situation in which they were before the contract." *Concord Bank v. Gregg*, 14 N.H. 331, 338 (1842); *see Franklin Nat. Bank v. Austin*, 99 N.H. 59, 62, 104 A.2d 742, 745 (1954). As a practical matter, absolute and literal restoration is not required if all that is reasonably possible and demanded by the equities is done. 17A C.J.S. *Contracts* § 438 (1963); *see Manchester Dairy System, Inc. v. Hayward*, 82 N.H. 193, 206, 132 A. 11, 18 (1926); 1 J. POMEROY, A TREATISE ON EQUITY JURISPRUDENCE § 109 (5th ed. 1941).

It is well settled law that a determination that the parties can be restored to the status quo depends upon the facts of each case. *National Shawmut Bank v. Cutter*, 105 N.H. 206, 209, 196 A.2d 706, 709 (1963). The trial court found that the plaintiffs returned the defendants' home to them in the same condition in which they had received it. The court was not compelled to find on evidence before it that the defendants would be unable to sell their

new home and move back to their former residence. Accordingly, we hold that the trial court acted well within its discretion in finding that the parties could be restored substantially to the status quo.

■ Next the defendants assert that the court mistakenly found that an order of rescission would not cause them undue hardship. The main basis of the defendants' argument is financial; they assert that they cannot afford to pay two mortgages. "Undue" hardship is that which is excessive. *See* THE OXFORD UNIVERSAL DICTIONARY 2296 (3d ed. rev. 1955). Although financial difficulties are a hardship, they are not necessarily "undue." *Cf. Carter v. Nashua,* 113 N.H. 407, 419, 308 A.2d 847, 855 (1973). A finding of undue hardship must be made upon the facts of each case. In its order, the trial court noted that rescission would cause the defendants "serious hardship," but, in view of the plaintiffs' need for relief and the defendants' conduct, the court found that the hardship was not undue in this case. *See Manchester Dairy System, Inc. v. Hayward,* 82 N.H. at 206, 132 A. at 18.

The trial court apparently was aware of the consequences of its ruling, because it reached its decision after several post-trial conferences at which the defendants allegedly explained the probable consequences of the court's decision to them. Because we do not have a record of those conferences, our review of the propriety of the court's judgment is restricted. *See McCrady v. Mahon,* 119 N.H. 247, 249, 400 A.2d 1173, 1174 (1979); *Beaudoin v. Beaudoin,* 118 N.H. 325, 327, 386 A.2d 1261, 1263 (1978). After reviewing the court's order, we conclude that it gave careful consideration to all the circumstances before granting rescission. Accordingly, we find no abuse of discretion, *see Starkeson v. Starkeson,* 119 N.H. 78, 80–81, 397 A.2d 1043, 1045 (1979), and hold on the record that the trial court properly found, ruled, and decreed as it did.

*Affirmed.*

KING, J., did not participate.