Milford District Court
No. 81-079

## Clinical Lab Products, Inc.

v.

## Vincent C. Martina & a.

November 16, 1981

*Hamblett & Kerrigan* and *Richard C. Gagliuso*, of Nashua, for the plaintiff, filed no brief.

*Vincent C. Martina*, of Amherst, by brief, pro se.

*Robert J. Moses*, of Amherst, by brief, pro se.

PER CURIAM. In February 1978, the plaintiff leased for two years certain office space to the defendants, Vincent C. Martina and Robert J. Moses, lawyers who desired to share the space. The defendants decided between themselves which portion of the rent each would pay. Each had a private office exclusively his own, and they shared the use of a central office and conference room. Moses' wife was to act as secretary to both.

Relations between the defendants deteriorated, and in September 1978, Martina ceased to conduct his practice from this

office; he used the premises only sparingly. In August 1979, Martina discovered that the plaintiff landlord had opened Martina's private office and that Moses had moved into it. Martina also found that his sign had been removed from the outside of the building. He ceased to pay his share of the rent in August, and vacated the office on September 1, 1979. Following these events, Moses continued to pay his portion of the rent, but did not take over Martina's obligation.

The plaintiff brought suit in Milford District Court against both defendants for the balance due on the lease. Martina cross-claimed, alleging that the plaintiff and Moses in concert had unlawfully evicted him. Moses and the plaintiff denied the allegations and Moses filed a counterclaim against the plaintiff, claiming that it knew that the amount due was owed only by Martina and that it therefore had an ulterior motive in also suing Moses.

The matter was heard by *Frank B. Clancy*, Esq., as acting justice. He made the findings of fact outlined above and also found that both defendants were liable for the $1,423.80 balance due on the lease, that Martina was not wrongfully evicted by either the plaintiff or Moses but voluntarily quit the premises, and that the plaintiff had no ulterior motive in suing Moses. Martina's pleadings did not contain a claim for damages against Moses for harassment, except as indirectly encompassed by his constructive eviction claim, which was denied. *Cf. Thompson v. Poirier*, 120 N.H. 584, 586, 420 A.2d 297, 298–300 (1980). The court nevertheless awarded Martina $300 damages against Moses. The court stated that, although the pleadings did not include such a claim, "the case was tried as if it were also an action charging Moses with wrongful interference with Martina's right to occupy the premises peaceably and without interference."

The court, however, did not find "harassment" to be a separate issue from the wrongful eviction claim which it rejected. Neither was a claim of harassment included in any of the requests filed by either Martina or Moses. Although the court stated that the case was tried as though damages for harassment were being sought, the evidence of harassment related to the claim of constructive eviction, and there was no indication that Moses knew that a different claim was being made. The fact that none of Moses' fifty-seven requests and none of Martina's requests specifically concerned a harassment claim strongly suggests that neither one contemplated any claim apart from the eviction claim.

 We hold that it was error for the court to award damages on a claim not presented by the pleadings and not otherwise

referred to by either party. RSA 514:9 permits substantive amendments to pleadings when they are "necessary for the prevention of injustice." Accordingly, this court allows liberal amendment of pleadings unless the changes surprise the opposite party, *Pearson v. Smith*, 54 N.H. 65, 69 (1873), introduce an entirely new cause of action, *Smart v. Tetherly*, 58 N.H. 310, 310 (1878), or call for substantially different evidence, *V.S.H. Realty, Inc. v. City of Rochester*, 118 N.H. 778, 781, 394 A.2d 317, 319 (1978). Martina neither pleaded harassment nor sought damages for harassment. In trying the case as though harassment damages were sought, the trial judge modified Martina's original cause of action to include a new and different count, which Moses was not prepared to defend. The verdict in favor of Martina is therefore set aside. The verdict for the plaintiff against both defendants is affirmed.

In this relatively straightforward case, the number of requests totaled one hundred twenty-eight. We have previously admonished counsel against filing such an unreasonable number of requests. *See R. J. Berke & Co. v. J. P. Griffin, Inc.*, 116 N.H. 760, 766–67, 367 A.2d 583, 588 (1976). Although the court in this case ruled on each request, in the future when the number of requests is unreasonable, the court may rely upon its narrative findings of essential facts and ignore the requests. *Id.* at 767, 367 A.2d at 588.

*Affirmed in part; reversed in part; remanded.*