Strafford
No. 82-083

BRIAN DEROUIN & a.

v.

GRANITE STATE REALTY, INC. & a.

March 24, 1983

*Cooper, Hall, Whittum & Shillaber*, of Rochester (*Peter A. Handy* on the brief and orally), for the plaintiffs.

*Ouellette, Hallisey, Dibble & Tanguay P.A.*, of Dover (*William L. Tanguay* on the brief and orally), for the defendant Stewart E. McKinney.

PER CURIAM. The plaintiffs appeal from a decision of the Superior Court (*Wyman*, J.) denying them restitution in their contractual action against the defendants in connection with the purchase of a house. We affirm.

In August 1976, the parties entered into a contract for the purchase and sale of the defendant Stewart McKinney's Cape Cod-style house located in Wakefield. Approximately one month after the closing, the plaintiffs, Brian and Martha Derouin, discovered that the center chimney and the fireplaces were unsafe and would have to be rebuilt. The plaintiffs hired a mason to commence repairs on the chimney.

Subsequently, the plaintiffs filed suit against the seller and his broker, the defendant Granite State Realty, Inc., seeking restitution of the purchase price for alleged mutual mistake. A jury found that the conveyance was based on a mutual mistake as to a material fact, the condition of the chimneys, but the trial court denied the restitution requested by the plaintiffs. The trial judge ruled that while a mutual mistake, such as existed in this case, gave the plaintiffs a right to rescind the transaction, the remedy of restitution without rescission of the conveyance was unavailable. Additionally, the court held that because the plaintiffs had incurred substantial expenditures for reconstruction of the fireplaces and chimney, rescission was no longer possible. The plaintiffs then filed a post-trial motion for judgment notwithstanding the verdict or, in the alternative, to

set aside the verdict and for a new trial. The trial court denied the motion, and the plaintiffs appealed.

The plaintiffs do not challenge the trial court's finding of mutual mistake, but they argue that the court erred in not allowing the remedy of restitution. They contend that the court's inability to return the parties to the status quo presented no bar to the granting of restitution, and also that the plaintiffs' recovery was not barred by the jury's finding that they were seventy-five percent comparatively negligent because they had failed to discover the defective condition.

Where the parties to a transaction are mutually mistaken as to a basic assumption on which the contract is made and that mistake has a material effect upon the agreed transaction, the contract is voidable by the adversely affected party. RESTATEMENT (SECOND) OF CONTRACTS § 152, at 385 (1979). When the electing party seeks to avoid the contract, return of anything received in the exchange made under the agreement is ordered by the court. D. DOBBS, HANDBOOK ON THE LAW OF REMEDIES § 11.5, at 741 (1973). A party seeking to avoid an agreement on the basis of mutual mistake must ordinarily avoid the *entire* contract, including any part that has already been performed. He generally cannot disaffirm a part of the contract that is particularly disadvantageous, while affirming a more advantageous part. RESTATEMENT (SECOND) OF CONTRACTS § 383 comment *a*, at 243.

Furthermore, because the remedy for mutual mistake in the formation of a contract is intended to return the parties as nearly as practicable to the situation in which they found themselves prior to making the contract, *see* D. DOBBS, *supra* at 726, a party seeking restitution is expected to return what he has received from the other party as a precondition to obtaining restitution. RESTATEMENT (SECOND) OF CONTRACTS § 384 comment *a*, at 245. Restitution in the form of money damages is generally not a permitted remedy. D. DOBBS, *supra* at 741.

Rescission is an equitable remedy the granting of which is always a matter within the sound discretion of the trial court, depending upon the circumstances of each particular case. Rescission for mutual mistake is not a matter of right, and it is well settled that before rescinding a contract, the court must determine that the respective parties can be returned to the status quo. The determination whether the parties can be restored to the status quo is one that rests upon the relative equities of the parties as determined by the

trial court. *Barber v. Somers*, 102 N.H. 38, 42–43, 150 A.2d 408, 411 (1959).

■ In the instant case, the trial court found that the plaintiffs had undertaken substantial improvements to the property and that the property could not be returned to the defendant McKinney in substantially the same condition in which the plaintiffs received it. After reviewing the court's order and the record in this case, we conclude that the trial judge gave careful consideration to all the circumstances and acted well within his sound discretion in finding that the parties could not be restored substantially to the status quo, and thus rescission was not an available remedy.

Having concluded that the trial court did not err in refusing to allow restitution in this case, it is unnecessary for us to determine whether the plaintiffs' comparative negligence barred recovery for mutual mistake.

*Affirmed.*