Pittsfield District Court
No. 89-137

PETER J. LEAVITT

v.

DEBRA OWEN STANLEY

March 8, 1990

*Peter J. Leavitt*, by brief and orally, *pro se.*

*Law Offices of Robert V. Johnson, II*, of Concord (*Debra Owen Stanley* on the brief and orally), for the defendant.

MEMORANDUM OPINION

JOHNSON, J. This is an appeal from a ruling by the Pittsfield District Court (*Kidder*, Sp. J.) awarding the plaintiff $360 based on a theory of mutual mistake of fact concerning a defect in a used car. We find that the district court erred as a matter of law, and accordingly we reverse.

■ Since there is no record of the trial court proceedings below, the only facts that we may consider in this case are those admitted by both parties in their briefs and at oral argument to have been before the district court. *See Demers Nursing Home, Inc. v. R.C. Foss & Son, Inc.*, 122 N.H. 757, 759, 449 A.2d 1231, 1232 (1982). These facts consist of the following. On October 21, 1988, the plaintiff purchased a used car from the defendant. Both parties signed a bill of sale, which read: "On this 21[st] day of October, 1988, for value received in the amount of $750.00, I, Debra Owen Stanley, hereby convey my 1980 Pontiac Pheonix [sic], as is, to Peter J. Leavitt."

Approximately one week after the sale, the plaintiff discovered a serious defect in the car. He called the defendant and asked for his money back. The defendant refused based on the "as is" provision in the bill of sale. The plaintiff then commenced a small claims action in Pittsfield District Court alleging that the defendant knew of the defect when the car was sold. The defendant denied any prior knowledge of the defect. Following a hearing, the district court awarded the plaintiff $360 on the theory that there were "mutual mistakes of fact in regard to the very serious defect in the frame." The court also offered the defendant the opportunity "to rescind the transaction, repay the $750 and reposses[s] the motor vehicle if she notifie[d] the Court in writing by 1/31/89." The defendant did not exercise this option.

On appeal the defendant argues that the trial court erred because mutual mistake of fact does not apply in an "as is" sale situation. She contends that absent fraud, duress or misrepresentation, an "as is" sale must be upheld. Therefore, since she did not have knowledge of the defect when she sold the car, and thus did not commit fraud, the defendant urges this court to uphold the sale. The plaintiff does not dispute the effect of the "as is" clause. His only argument is that the defendant had prior knowledge of the defect when she sold the car.

■ We hold that the trial court erred in awarding damages on the basis of a claim, *i.e.*, mutual mistake, that was not presented by the plaintiff. *See Clinical Lab Prod's Inc. v. Martina*, 121 N.H.

989, 990–91, 437 A.2d 285, 286 (1981). At oral argument and in his brief, the plaintiff acknowledged that his suit was based solely on the theory that the defendant sold the car to him with prior knowledge of the defect which she deliberately failed to disclose. Since he alleges "the intentional concealment of a material fact," the plaintiff's allegation is essentially one of fraud, *Batchelder v. Northern Fire Lites, Inc.*, 630 F. Supp. 1115, 1118 (D.N.H. 1986) (citing *Leclerc v. Insurance Company*, 93 N.H. 234, 237, 39 A.2d 763, 764 (1944)), and not one of mutual mistake of fact. Therefore, the court erred in "award[ing] damages on a claim not presented by the pleadings and not otherwise referred to by either party." *Clinical Lab Prod's*, 121 N.H. at 990–91, 437 A.2d at 286.

Assuming, *arguendo*, that the court's finding of mutual mistake of fact was correct, the court also erred by awarding the plaintiff $360 since "[r]estitution in the form of money damages is generally not a permitted remedy" in a case involving a mutual mistake of fact. *Derouin v. Granite State Realty, Inc.*, 123 N.H. 145, 147, 459 A.2d 231, 233 (1983). "A party seeking to avoid an agreement on the basis of mutual mistake must ordinarily avoid the *entire* contract, including any part that has already been performed. He generally cannot disaffirm a part of the contract that is particularly disadvantageous, while affirming a more advantageous part." *Id.*, 459 A.2d at 232 (emphasis in original). Therefore, it was improper for the court to allow the plaintiff to keep the car and to receive $360 in money damages. The parties should have been returned "as nearly as practicable to the situation in which they found themselves prior to making the contract. ..." *Id.*, 459 A.2d at 233.

We now turn to the defendant's argument that this court should uphold the sale of her used car based on the "as is" language in the bill of sale. The phrase "as is" used as a disclaimer does not relieve the seller of a non-Code liability for fraud. 3 R. ANDERSON, UNIFORM COMMERCIAL CODE § 2-316:15, at 338 (3d ed. 1983). We hold that since the trial court found a nonintentional mutual mistake of fact, the plaintiff clearly failed to carry his burden of proving his allegation of intentional fraud. Accordingly, we reverse the trial court's decision and order judgment for the defendant.

*Reversed.*

BATCHELDER, J., dissented; the others concurred.

BATCHELDER, J., dissenting: In the absence of a transcript of the proceedings and testimony in the district court, I would, in this case, uphold the district court.