Hillsborough-southern judicial district
No. 2002-231

MICHAEL L. MOONEY

v.

NATIONWIDE MUTUAL INSURANCE CO.

Argued: March 5, 2003
Opinion Issued: April 22, 2003

*Hall, Hess, Stewart, Murphy & Brown, P.A.*, of Manchester (*Francis G. Murphy* on the brief and orally), for the plaintiff.

*Getman, Stacey, Tamposi, Schulthess & Steere, P.A.*, of Bedford (*Jill A. DeMello* and *Stephen J. Schulthess* on the brief, and *Mr. Schulthess* orally), for the defendant.

BROCK, C.J. The plaintiff, Michael L. Mooney, appeals the order of the Superior Court (*Groff*, J.) rescinding the insurance contract between him and the defendant, Nationwide Mutual Insurance Company, on the ground that he materially misrepresented the use to which he put his vehicle. We affirm.

The trial court found the following facts, which the parties accept on appeal. The plaintiff purchased a personal automobile insurance policy from the defendant in June 1992, covering his 1988 Cadillac and 1988 Corvette. In August 1992, he added a 1975 Jeep to the policy. The policy provided uninsured motorist coverage with policy limits of $300,000.

When he applied for the policy, the plaintiff informed the defendant that he worked for the United States Postal Service in a management position. Although he was actually a rural mail deliverer, at no time did the plaintiff notify the defendant that he used his vehicles to deliver mail.

On July 10, 1994, the plaintiff was using his Jeep to deliver mail on his rural mail route when a hit and run driver in a stolen vehicle struck the Jeep, damaging it and injuring the plaintiff. The plaintiff sought uninsured motorist coverage, which the defendant denied based upon the following exclusion: "This Uninsured Motorist insurance does not apply . . . to use of any vehicle by an insured to carry persons or property for a fee."

The plaintiff petitioned for a declaration that the exclusionary clause did not apply; the defendant cross-petitioned for rescission. The court found the exclusion ambiguous and, construing it in the plaintiff's favor, ruled

that the clause did not exclude coverage for his claim. The court granted the defendant's petition to rescind, however, on the ground that the plaintiff had materially misrepresented the use to which he put the Jeep.

The court found that the plaintiff "clearly made a false representation regarding the use of the vehicle" when he added the Jeep to his policy. The court further found that based upon this misrepresentation, which the court deemed material, the defendant insured the Jeep pursuant to a personal automobile policy instead of a commercial policy at a higher premium. To return the parties to the status quo, the court rescinded the automobile policy with respect to the Jeep and ordered the defendant to reimburse the plaintiff for the premiums he had paid to insure it.

"Rescission is an equitable remedy the granting of which is always a matter within the sound discretion of the trial court, depending upon the circumstances of each particular case." *Derouin v. Granite State Realty, Inc.*, 123 N.H. 145, 147 (1983). "In contrast to damages, equitable rescission and restitution is a complete remedy which restores the injured party to the position occupied before the transaction." *Patch v. Arsenault*, 139 N.H. 313, 318 (1995). Consequently, the trial court should grant it only "when in all the circumstances it appears right and just to the parties to do so." *Id.* (quotation omitted). We review the trial court's order of rescission under our unsustainable exercise of discretion standard. *See Gordon v. Tafe*, 121 N.H. 250, 252 (1981); *cf. State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard).

The court ruled that rescission was equitable under the circumstances because: (1) the defendant would suffer damages were the insurance policy not rescinded with respect to the Jeep; (2) the plaintiff would not suffer undue hardship from rescission; and (3) rescission, coupled with the defendant's restitution to the plaintiff of the premiums he paid to insure the Jeep, would restore the parties to the status quo. *See Gordon*, 121 N.H. at 251. The plaintiff challenges each of these findings, arguing that the trial court incorrectly balanced the equities.

He first asserts that the court's finding that the defendant would suffer damages was erroneous in light of its earlier ruling that the automobile policy did not exclude coverage for using the Jeep to deliver mail. He notes that the court found that the defendant would suffer damages "by paying for a loss that occurred while the [plaintiff] was using his vehicle for commercial purposes for which he was not insured." Unlike the plaintiff, we do not interpret the court's reference to "commercial purposes" as a reference to the exclusionary clause and, thus, do not agree that its ruling on damages is inconsistent with its earlier ruling on the exclusionary clause.

■ He next contends that rescission would cause him to suffer "undue" hardship because it "cause[d] a total forfeiture of all insurance coverage afforded by [the defendant]." This statement is inaccurate as the court rescinded the policy only with respect to the Jeep, and not with respect to the plaintiff's other vehicles. Further, we agree with the trial court that while rescission caused the plaintiff to suffer hardship, the hardship was not "undue" under the circumstances of this case. *See id.* at 252.

■ The plaintiff next argues that the court did not, in fact, return the parties to the status quo. He asserts that to accomplish this, the court should have required him to pay the extra premiums for coverage under a commercial policy. We disagree.

Returning the parties to the status quo means only that they occupy the same positions they occupied before entering into the rescinded contract. *See Derouin*, 123 N.H. at 147. When a contract is rescinded, it is as if the contract never existed in the first place. *See United Sec. Ins. Co. v. Commissioner of Ins.*, 348 N.W.2d 34, 35 (Mich. Ct. App. 1984). This is precisely what the trial court's remedy accomplished. *See Patch*, 139 N.H. at 318. By contrast, the plaintiff's proposed remedy would require the defendant to issue a commercial policy it had never before issued and the plaintiff to pay for a policy he had never before purchased.

■ Finally, the plaintiff argues that the court's rescission order violated public policy by "countermanding the Legislature's mandate that insurers provide . . . uninsured motorist benefits." *See* RSA 264:15 (1993) (amended 2000). We disagree.

While courts have uniformly held that an insurer cannot avoid coverage under a compulsory insurance or financial responsibility law because of fraud when the claimant is an innocent third party, *see Ferrell v. Columbia Mut. Cas. Ins. Co.*, 816 S.W.2d 593, 596 (Ark. 1991), they have held that the same public policy considerations are not present when the claimant is the person who procured the insurance through fraud, *see Auto-Owners Ins. Co. v. Mich. Com'r of Ins.*, 369 N.W.2d 896, 898 (Mich. Ct. App. 1985). As one court has explained:

> [A] comprehensive scheme of compulsory no-fault automobile insurance arguably requires as a matter of policy that the insurer rather than innocent third parties bear the risk of intentional material misrepresentations by the insured. However, we see no reason in law or policy for the burden of such a risk to be placed on the insurer in preference to the insured who made the intentional material misrepresentations.

*United Sec. Ins. Co.*, 348 N.W.2d at 36. "To hold otherwise would permit an insured to benefit from his fraudulent misrepresentations and leave the insurer without a remedy." *Ferrell*, 816 S.W.2d at 596. Accordingly, under the circumstances of this case, we hold that rescinding the plaintiff's automobile policy with respect to his Jeep did not violate public policy and thus, the trial court's exercise of discretion was sustainable.

*Affirmed.*

BRODERICK, NADEAU, DALIANIS and DUGGAN, JJ., concurred.