# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

### In Case No. 2014-0263, <u>Vanessa Vanderhoek v. Aylward Motors</u>, the court on March 17, 2015, issued the following order:

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). We affirm in part, vacate in part, and remand.

The defendant, Aylward Motors, appeals an order of the Circuit Court (<u>Ashley</u>, J.) awarding judgment for the plaintiff, Vanessa Vanderhoek, in a small claims action. We construe the defendant's brief to argue that the evidence was insufficient to support the judgment. The defendant also argues that the court erred in allowing certain photographs into evidence. We review sufficiency of the evidence claims as a matter of law and uphold the findings and rulings of the trial court unless they are lacking in evidentiary support or tainted by error of law. <u>Fisher v. Minichiello</u>, 155 N.H. 188, 190 (2007).

The record shows that on August 6, 2013, the plaintiff paid $2,200 to purchase a 1996 Dodge Ram 1500 pick-up truck on consignment from the defendant, who was the consignee. On August 14, 2013, the defendant performed a state inspection on the vehicle and found that it passed inspection. The mechanic notes on the official vehicle inspection report prepared by the defendant state, "brakes good." On September 4, 2013, the brake line broke. On September 10, 2013, the plaintiff brought the vehicle to a different mechanic and learned that the vehicle should not have passed inspection.

Although the bill of sale shows that the owner sold the vehicle "as is," the "as is" clause does not relieve the defendant from liability for misrepresentation at the time of sale. See <u>Leavitt v. Stanley</u>, 132 N.H. 727, 729 (1990). Based upon our review of the record, we conclude that the evidence is sufficient for the trial court to have found that the defendant represented at the time of sale that the vehicle would pass inspection, and that when the defendant inspected the vehicle eight days later, it should not have passed inspection. See <u>Fisher</u>, 155 N.H. at 190. Although the defendant argues that the plaintiff's testimony was inconsistent and contradicted certain other evidence, we defer to a trial court's judgment on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given to testimony. See <u>McCabe v. Arcidy</u>, 138 N.H. 20, 24 (1993).

The defendant also argues that the court erred in allowing certain photographs into evidence which, it asserts, were taken months after its inspection and which were not exchanged in discovery. Small claims hearings are intended to be informal, and the court may allow any evidence it deems material and proper. See RSA 503:7 (2010); Dist. Div. R. 4.12. We review a trial court's decision on the management of discovery and the admissibility of evidence under our unsustainable exercise of discretion standard. Figlioli v. R.J. Moreau Cos., 151 N.H. 618, 626 (2005). Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in admitting the photographs. See id.

However, it is unclear from the record what evidence the court relied upon to support its damage award and how the court calculated damages of $3,500 plus costs and interest. Accordingly, although we affirm the trial court's liability finding, we vacate the damage award, and direct the trial court, upon remand, to hold a hearing on damages occasioned by the misrepresentation, and to render specific findings of fact as to such damages. See In the Matter of Gordon and Gordon, 147 N.H. 693, 700 (2002) (directing trial court on remand to make specific findings to facilitate appellate review).

Affirmed in part; vacated in part; and remanded.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2