## PEARSON *v*. SMITH, CLARK & CO.

Although the statute has conferred a very broad discretion upon the court in relation to the pleadings in cases of review, yet an amendment of the declaration will not be allowed in such a case, which changes the form or the cause of action.

This is a review. The original action was assumpsit for money lent and advanced to the defendants, and for money paid, laid out, and expended for the defendants, and for money had and received by the defendants for the plaintiff's use, and for interest on money. Also, for goods, wares, and merchandise sold and delivered, and for labor and services and materials provided, all at the defendants' request. The plaintiff's specification was as follows: "This action is brought to recover the amount paid upon a note given to you without any consideration, to amount of $142.83."

The original writ was dated May 31, 1870. At this term the plaintiff moved to amend his writ by adding a new count as follows, to wit: "And also for that the defendants, at Manchester, in said county of

Hillsborough, on the twenty-ninth day of March, A. D. 1869, in consideration that the plaintiff had then and there given to the defendants his promissory note for one hundred and thirty-five dollars, payable to the defendants or bearer, and also had then and there promised the defendants to act as their agent to sell a certain fork, called the ' Eliptic Horse Hay Fork,' in the townships of Tyngsboro', Dracut, and Methuen, in the counties of Middlesex and Essex, in the state of Massachusetts, for the term of ten years from the first day of April, 1868, upon certain terms and stipulations,—to wit, that the plaintiff, the third year, should pay the defendants, or their legal representatives, twenty per cent. of all the net profits arising from the sale of said fork in said townships, after deducting the amount advanced for said agency by the plaintiff, together with all necessary expenses incurred in selling said fork as aforesaid,—then and there promised the plaintiff that the said fork was duly patented by valid letters patent, then existing and in force, from the United States of America ; and that said letters patent would remain in force and unexpired for the term of at least ten years after the first day of April, A. D. 1868 ; ·and that by virtue of said letters patent the defendants had, on said twenty-ninth day of March, 1869, the sole and exclusive right to sell and use said forks in the townships aforesaid ; and that said fork was a valuable fork for practical use, and worked well ; and that the defendants would furnish the plaintiff with as many of said forks from their manufactories as he might desire, at the price of five dollars each on delivery of the same. And the plaintiff avers that the said fork was not duly patented by valid letters patent from the United States of America, existing and in force on the said twenty-ninth day of March, 1869 ; that the said letters patent will not remain in force and unexpired for the term of ten years from said first day of April, 1868 ; and that the defendants had not, on the twenty-ninth day of March, 1869, the sole and exclusive right to sell and use said forks in the townships aforesaid ; and that said fork was not a valuable fork for practical use, and did not work well, but was worthless for practical use ;—and the plaintiff also avers that the defendants have not furnished the plaintiff with as many of said forks as he desired from their manufactories, at the price of five dollars each on delivery, but that, though afterwards, to wit, on the fifth, nineteenth, and twenty-sixth days of April, 1869, and on the seventh and twenty-first days of June, 1869, the plaintiff specially requested the defendants to furnish him with said forks from their manufactories as aforesaid, the defendants refused and neglected to do so."

It is agreed that the specification under the first count was for money which the plaintiff supposed had been paid for him upon the note described in the new count. The plaintiff was sued by an indorsee upon the note described in this new count, in Massachusetts, and after arranging with a friend there to adjust that suit, the plaintiff brought this suit by attaching the defendants' land in this county, and the defendants living out of the state, a notice to them was published by the order of court, and at the next term they were defaulted and judgment ren-

dered against them, and they afterwards brought this review; and it now appears that the money was not paid in the suit in Massachusetts upon said note until after this suit was entered in this court, and not until after the plaintiff had judgment here. But the money has since been paid in Massachusetts on said note.

The court ruled *pro forma* that the amendment could not properly be allowed in accordance with the established rules in such cases, and the plaintiff excepted; and the questions of law were reserved.

*Morrison & Stanley,* for the defendants.

The only question presented by this case is as to the amendment offered by the plaintiff. The declaration, as originally drawn, contained counts in assumpsit for money lent and advanced, money paid, laid out, expended, and money had and received, goods, wares, and merchandise sold and delivered, and labor and services performed or materials provided. The amendment proposed is to insert a new count for damages by reason of deceit on a special contract. The new count is in all essential particulars a count in case, though the plaintiff, by once or twice using the word promised, has endeavored to make it an account in assumpsit. It will be borne in mind that this is an action of review; that when the plaintiff took judgment in the original action, he filed under the original counts in his writ a specification as follows: " This action is brought to recover the amount paid upon a note given to you without any consideration, to amount of $142.83." We maintain that this amendment cannot be allowed, and that the ruling of the court on this point was correct.

By the 16th general rule of court, it is provided that " no new count or amendment of a declaration shall be allowed without the consent of the defendant, unless it be consistent with the original declaration and for the same cause of action."

This rule, adopted in 1859, is in accordance with the long and well-established practice of the court as declared in numerous decisions previous to that time. *Butterfield* v. *Harvell,* 3 N. H. 202; *Edgerly* v. *Emerson,* 3 N. H. 147; *Goddard* v. *Perkins,* 9 N. H. 488; *Stevenson* v. *Mudgett* 10 N. II. 340; *Merrill* v. *Russell,* 12 N. H. 75; *Taylor* v. *Dustin,* 43 N. II. 493, and numerous other cases.

In *Thompson* v. *Phelan,* 22 N. II. 339, it was decided that where the declaration contained a single count for work and labor and services performed, and the new counts were for use and occupation and goods sold and delivered, the amendment could not be allowed. In *Wood* v. *Folsom,* 42 N. H. 70, it was held that " where the original counts are for money paid, and money had and received, a new count for work and labor, as the defendant's factor and agent, will not be received by way of amendment without the defendant's assent, it being wholly inconsistent with the original claim." And where by the original declaration the defendants were charged as common carriers, and by the amendment as bailees of the same goods, it was held that the

amendment could not be made.    *Moses* v. *B. & M. R. R.*, 32 N. H. 524.

Numerous other cases might be cited in support of this view of the case.    Viewing the proposed amendment in the light of these decisions, we say that the amendment cannot be made : it is entirely inconsistent with the cause of action as stated in the original declaration.    But there is another reason why the amendment should not be allowed.    It appears that when the action was brought, the plaintiff had no cause of action.    It was brought to recover back money which he supposed had been paid, but which had not, so that, as the declaration originally stood, the defendants were entitled to judgment.    He, now finding that he must fail in his suit as originally brought, asks to be allowed to make an amendment, counting in deceit upon the original contract ; in short, finding he cannot recover the money paid by him on his note, he now wishes to recover damages by reason of the breach of a special contract which he alleges was made with the defendants.    It seems to us that the simple statement of the plaintiff's position is enough to show its fallacy.

*Wadleigh & Wallace*, for the plaintiff.

I.  Courts may order amendments whenever the person or case may be rightly understood.    Gen. Stats., ch. 207, sec. 8.    Amendments are allowed by all the courts in this country with great liberality.    *Stearns* v. *Wright*, 50 N. H. 295.

II.  Amendments of the declaration will be allowed, if thereby the form of action is not changed and if the identity of the cause of action is preserved.    *Stearns* v. *Wright*, 50 N. H. 295 ; *Newell* v. *Horne*, 47 N. H. 382 ; *Elliott* v. *Abbot*, 12 N. H. 549 ; *Perley* v. *Brown*, 12 N. H. 493 ; *Stevenson* v. *Mudgett*, 10 N. H. 338 ; *Bailey* v. *Smith*, 43 N. H. 409, and *passim*.

III.  This amendment does not change the form of action.    It is true that the defendants practised the grossest fraud upon the plaintiff, but the new count is strictly in *assumpsit*, being based wholly upon the defendants' promises, which formed the sole consideration of the note.    The defendants' promises were none the less promises because they were fraudulent.    We declare upon them simply as promises, and the new count is in no respect a count in case.

IV.  The amendment preserves the identity of the cause of action.    The cause of action is the obtaining of the plaintiff's negotiable promissory note, in consideration of certain promises which have been broken, so that the said consideration has totally failed.    Under the count for money had and received, the plaintiff sought to recover the amount of the note, upon the ground that said promises had been broken, so that there was a failure of consideration.    Under the new count, the plaintiff seeks to recover the amount of the note on account of the breach of said promises and the consequent failure of consideration.    Except as to the time of paying the note, the proof is the

same under each count, and under each count the plaintiff seeks to recover only the amount which he was compelled to pay upon the note.

V. It is argued in the defendants' brief that the amendment should not be allowed, because when the action was brought the plaintiff had no cause of action. That is an error. When the plaintiff commenced this suit, he had a good cause of action for the breach of said promises,[5] and was entitled to recover damages on account of his having given a negotiable note which he would be compelled to pay. It is true that in declaring he made a mistake, and that his proof will not sustain his declaration as originally drawn. But that is no test whatever of the propriety of an amendment. *Stevenson* v. *Mudgett*, 10 N. H. 338; *Basset* v. *Salisbury Manufacturing Co.*, 28 N. H. 452; *Davis* v. *Hill*, 41 N. H. 336.

VI. The new count cannot surprise, hinder, or delay the defendants, for, in a trial upon the count for money had and received, they must have been prepared for the proof that the promises which constituted the sole consideration for the note had been broken. Possibly it may disappoint their expectation of escaping a trial.

An examination of the decisions in this state will show that amendments more doubtful than this have been granted. In *Stearns* v. *Wright*, 50 N. H. 293, the declaration was amended by changing the allegation of a promise to the plaintiff personally, to an allegation of a promise to him as administrator; in *Libbey* v. *Pierce*, 47 N. H. 309, by adding a count for money paid to counts for money had and received, and against the defendant as indorser; in *Taylor* v. *Dustin*, 43 N. H. 493, by alleging the obstruction of a watercourse by means of two dams instead of one dam; in *Bailey* v. *Smith*, 43 N. H. 409, on review, by adding to counts for goods sold and delivered and goods bargained and sold, a count for not accepting and paying for the same goods; in *Downer* v. *Shaw*, 23 N. H. 125, by adding to a count upon a foreign judgment, a count upon the note on which said judgment was founded; in *Bank* v. *White*, 17 N. H. 389, by adding to a count against a sheriff for the neglect of one deputy, a count for the neglect of another deputy in the same matter; in *Perley* v. *Brown*, 12 N. H. 340, by adding to a count upon an account annexed, a count for money had and received; in *Stevenson* v. *Mudgett*, 10 N. H. 340, by adding to a count upon a written contract, a count upon the same contract as changed and modified by agreement; in *Wilson* v. *Eaton*, 5 N. H. 340, by changing the description of the demanded premises so as to include only a part of the same.

SARGENT, C. J. That amendments are allowed with great liberality in this country, as stated in *Stearns* v. *Wright*, 50 N. H. 293, is true; and that they are almost universally allowed, where they do not surprise, hinder, or delay the opposite party, and may, of course, be allowed in the discretion of the court, even in case of surprise, hindrance, or delay, as there stated;—and the general proposition, which the plaintiff quotes from that opinion, that amendments of the declaration will

be allowed if thereby the form of action is not changed, and if the identity of the cause of action is preserved, is no doubt true if taken with the qualifications which are affixed in that opinion, viz., that the particular allegations in the declaration may be changed by amendment, and others superadded, in order to cure imperfections and mistakes in 'the manner of stating the plaintiff's case;—and there is another condition precedent affixed to that general proposition, as stated in that opinion, which is not noticed by the plaintiff in this case, which is, that such amendment must be consistent with the original declaration, and must be such that the court can perceive that the plaintiff will offer in evidence, under the amendment, only some matter for the recovery of which the action was originally instituted.

In such case, so long as the form of action is not changed, and the identity of the cause of action is preserved, amendments may be made, etc. Taking this rule, then, as a whole, let us see what evidence must be and had been introduced under the original declaration. First, the payment of money by the plaintiff must be proved, with the amount thus paid, and then he must prove that this note which the plaintiff had thus paid was originally without any consideration: no recovery could be had in that case, as stated, unless the money had been paid on the note. But under the amended count there is no allegation of the payment of any money, and it would not be necessary to prove that any was paid. Instead of seeking to recover back money paid in the new count, the plaintiff seeks to recover damages for the breaches of the defendants' promises made to him in connection with the sale of a certain patent fork, and the right to use the same in certain towns in Massachusetts.

Under this new count the plaintiff might also recover a much larger sum than he could have done under his first count; because the promises, for the breach of which the plaintiff seeks to recover in the last count, were founded and made, not alone upon the consideration of the note which the plaintiff had given him, but, as stated in the new count, these promises were founded upon the note, and upon various promises of the plaintiff, which might have proved of great value had the contract been fully carried out, and which the plaintiff alleges he made, and we are to presume he would have carried out if the defendants had performed their part of the contract. Now, it is to be presumed that all these different parts of the consideration were taken into the account, and the value of the defendants' promises estimated accordingly; and if full damages are now to be recovered for the breach of all the parts and parcels of the defendants' contract, or for all the several promises of the defendants, as claimed in this last count, then a much larger sum may be recovered than the simple amount of the note, which was only a part of the consideration for the defendants' promises.

This new count could not therefore be consistent with the original declaration, and it is not such as that the court can see that the plaintiff will offer in evidence under the amendment only some matter for which the suit was originally instituted. Here we can see that the new

count is not consistent with the original declaration, which sought only to recover back a certain sum of money paid, while this seeks to recover uncertain and unliquidated damages for the breach of certain promises; and the court can also see that the plaintiff seeks to recover in the new count a sum which upon his own statement ought to be larger than he could possibly recover under the old count.

This being an action of review, the statute has given the court a large discretion in the matter of pleadings—*Colebrook* v. *Merrill*, 49 N. H. 213; yet it is evident in this case that the presiding judge intended to decide this question according to the rules applicable in ordinary cases. That is the way the court would generally apply the rules in such cases. In this case we see no particular equities that call for any departure from the ordinary rule. The plaintiff has only to bring his action against the defendants, charging fraud and deception in the sale of the fork, and recover his damages, if he has suffered any. In accordance with the general principle applied in so many cases in this state, which are cited in the briefs of both parties, the

*Exceptions are overruled.*