Rockingham,
No. 4226.

HAROLD E. DIPIETRO, *Adm'r v.* ROMEO LAVIGNE *& a.*

Argued September 1, 1953.

Decided September 22, 1953.

*Joel W. Eastman* (by brief and orally), for the plaintiff.

*Paul E. Nourie* (by brief and orally), for the defendant.

KENISON, C. J. "A new trial may be granted in any case when through accident, mistake or misfortune justice has not been done and a further hearing would be equitable." R. L., c. 398, s. 1. Under the provisions of section 2 of this chapter, it is provided that when the petition is filed " . . . such notice shall be given to the adverse party or his attorney as the court may order." The question to be decided under this chapter is whether a petition for a new trial, to which is appended a request for an oral hearing, may be denied without a hearing.

As a general rule, notice and an opportunity to be heard are basic essentials of a judicial proceeding. *American Motorists Ins. Co.* v. *Garage,* 86 N. H. 362, 368; *Wetmore* v. *Karrick,* 205 U. S. 141, 160; I Merrill, Notice (1952) s. 531. Since notice is of no value if a party is denied opportunity to be heard in support of or in defense of his claim (Restatement, Judgments, s. 6, *comment* (f) ), statutes expressly providing for notice are generally construed to include the right to a hearing. *Governor & Council* v. *Morey,* 78 N. H. 125. The provisions of R. L., c. 390, s. 14, have been so construed in the *Morey* case. The statute reads as follows: "The court shall order notice to be given, in such manner as they think fit, of any petition, complaint, libel, application or motion in writing filed therein, and no judgment or decree shall be rendered thereon without compliance with such order." The requirement of notice and hearing need not be observed in matters which are formal, clerical or uncontested (*Emery* v. *Berry,* 28 N. H. 473) and special circumstances may demand the issuance of court orders without initial notice or hearing as in the case of injunctions. Superior Court Rules 133-136, 93 N. H. Appendix. As a matter of practice notice and hearing represent the general rule and the denial of a hearing is the exception. *Hubley* v. *Goodwin,* 90 N. H. 54; *Watkins* v. *Railroad,* 80 N. H. 102.

While it is well established that the granting of a new trial or its denial is within the discretion of the Trial Court, where the request is not clearly repetitious, frivolous or solely for the purpose of delay, the discretion cannot be exercised in a summary manner without notice and an opportunity to be heard. *Willey* v. *Harrower,* 97 N. H. 373. See anno. 23 A. L. R. (2d) 852; *Glazer* v. *Rosoff,*

120 Conn. 120.   The plaintiff is entitled to the opportunity to offer proof in support of his motion for a new trial.   *Dame* v. *Car Works,* 71 N. H. 407, 408.

*Case discharged.*

All concurred.