Strafford
No. 78-005

ROBERT H. FOSTER & a.

v.

WALTER A. CALDERWOOD & a.

July 18, 1978

*Burns, Bryant, Hinchey, Cox & Shea,* of Dover (*Donald R. Bryant* orally), for the plaintiffs.

*Sulloway, Hollis, Godfrey & Soden*, of Concord (*Martin L. Gross* orally), for the defendants.

*Hartnett P.A.*, of Dover (*Charles F. Hartnett* orally), for the Federal Mutual Insurance Company.

LAMPRON, C.J.    This is an action for trespass to property. Defendants appeared by counsel retained by their insurance carrier, who filed a motion prior to trial to enforce a settlement. Plaintiffs also filed a motion asking the court to issue certain orders in determination of the case. After a hearing on these motions the court ordered the case settled by the payment of $5,000.00, with the plaintiffs having the right to enter the defendants' land in order to remove a pile of debris created by the trespass. Thereafter defendants retained personal counsel who filed a motion for rehearing, which was denied. Defendants again moved for a rehearing, which was also denied by the court after a hearing. Defendants' exceptions to these orders were reserved and transferred by *Dunfey*, J.

The issue to be decided is whether the Calderwoods were deprived of their rights without due notice and an opportunity to be heard.

On July 10, 1973, the plaintiffs brought an action against the defendants seeking $10,000 in damages for trespass to their property. The plaintiffs alleged that the Calderwoods had appropriated a large quantity of fill from their property, leaving the property extensively damaged. The Federal Mutual Insurance Company retained Attorney Hartnett to defend the case, pursuant to a homeowner's policy between the Calderwoods and the insurance company.

On May 5, 1976, a pretrial settlement conference was held. At the conference the plaintiffs proposed a settlement of $5,000 in damages and the granting of certain rights of entry onto the defendants' land in order to remove a pile of debris caused by the trespass. Attorney Hartnett submitted the plaintiffs' proposal to the Calderwoods, who rejected the demands for rights of entry.

On May 25, 1976, Attorney Hartnett filed a motion entitled "Defendants' Motion to Enforce Settlement" in which he stated that the Calderwoods had refused the condition requested by the plaintiffs and that the insurance carrier was willing to pay $5,000 in settlement. He requested that the court authorize the insurer to pay a $5,000 draft payable to the plaintiffs into court and that the insurer be discharged from any further liability. On May 26 the plaintiffs also filed a motion in which they asked the court to order that the sum of $5,000 be paid to them in determination of the case

and that they have the right to enter the Calderwoods' land to remove a pile of debris created by the trespass. A hearing on these two motions was held on May 27, 1976, at which the Calderwoods were not personally present or represented by counsel other than that retained by their insurer. Thereafter the court issued an order granting the plaintiffs the sum of $5,000 and the right to enter the Calderwoods' land, and granting the insurance company the relief requested.

The Calderwoods thereafter retained personal counsel and moved for a rehearing. This motion was denied by the court after hearing. A second motion for rehearing was then made by the Calderwoods, which was also denied by the court after hearing.

The defendants' principal argument is that the court's order of May 27, 1976, granting the plaintiffs the right to enter their land, operated to deprive them of their property without due process of law because they were not afforded adequate notice of the hearing which resulted in this order or an opportunity to be heard. *DiPietro v. Lavigne*, 98 N.H. 294, 295, 99 A.2d 413, 414 (1953). Defendants contend that the presence of counsel retained by their insurance carrier at the May 27 hearing did not afford them representation at the hearing, nor did they knowingly waive the right to be personally represented at the hearing after adequate notice of the same.

Attorney Hartnett's presence at the May 27 hearing did not afford the defendants representation with respect to plaintiffs' claim for entry onto their land. Although Attorney Hartnett was counsel of record for the defendants, as counsel retained by the insurance company he took the position that the insurer's obligation to defend extended only to the plaintiffs' claim for money damages, and that the insurer had no obligation to respond to plaintiffs' claim for entry onto the defendants' land. The court found that "[t]he defendants' counsel Brother Hartnett in behalf of their insurer Kemper took no position on the condition imposed by the plaintiff on the basis [that] it was not within the province of the carrier to do so." The transcript of the May 27 hearing amply supports this finding. Therefore Attorney Hartnett's presence at the May 27 hearing did not afford the defendants an opportunity to be heard in response to plaintiffs' demands.

The court found, however, that "the defendants Calderwood individually after notice failed to appear to protect and/or defend any personal interest they may have had relative to the subject matter of the motions. . . ." The court thereafter granted the plaintiffs and the insurer the relief requested, although the Calderwoods were not per-

sonally present or represented at the hearing, apparently on the ground that they had waived the right to be heard by not appearing personally or by counsel after notice of the hearing. We disagree.

Irrespective of whether the court's finding that the defendants had notice of the May 27 hearing is supported by the evidence, it is apparent from the record, and we hold, that the defendants never received adequate notice to apprise them of the fact that their personal interests could be affected at the hearing or that it was necessary to retain personal counsel to protect these interests, and that they reasonably relied on counsel retained by their insurer to defend their interests. Under these circumstances the defendants cannot be charged with having waived the right to be heard by not being personally present or represented at the May 27 hearing.

The insurer, having undertaken the defense of the case, was obligated to conduct the defense with due regard for all the interests of the insureds. *Allstate Ins. Co. v. Reserve Ins. Co.*, 116 N.H. 806, 373 A.2d 339, 340 (1976); *Dumas v. State Farm Mut. Auto Ins. Co.*, 111 N.H. 43, 274 A.2d 781 (1971); *Lumbermen's Mut. Cas. Co. v. McCarthy*, 90 N.H. 320, 324, 8 A.2d 750, 752 (1939). The insureds had the right to expect that the insurer would continue such representation until some clear notice was given of its withdrawal or of a change in the capacity in which it was acting in the matter, so that the insureds might obtain personal counsel or take other measures to protect their interests. *Daly v. Employers Liability Assur. Corp.*, 269 Mass. 1, 4, 168 N.E. 111, 112 (1929); *see Murach v. Mass. Bonding & Ins. Co.*, 339 Mass. 184, 189, 158 N.E.2d 338, 342 (1959); *Desrochers v. N.Y. Cas.*, 99 N.H. 129, 134, 106 A.2d 196, 199 (1954).

We are not here presented with a case where the insurer made a timely disclaimer of insurance coverage for this type of claim, *see Liberty Mut. Ins. Co. v. Consol. Milk Producers' Ass'n*, 354 F. Supp. 879 (D.N.H. 1973), or where the insured gave the insurer authority to dispose of the case in the manner proposed by the plaintiff. *See Perry v. Faulkner*, 98 N.H. 474, 102 A.2d 908 (1954). Under the circumstances of this case the defendants cannot be held to have waived the right to be heard on plaintiffs' motion seeking entry onto their land, and they are therefore entitled to a new hearing on this motion.

*Exceptions sustained; remanded.*

GRIMES and BROCK, JJ., did not sit; the others concurred.