## V.S.H. REALTY, INC.

### v.

## CITY OF ROCHESTER

November 15, 1978

*Wiggin & Nourie*, of Manchester (*James W. Donchess* orally), for plaintiff.

*William B. Cullimore*, of Farmington, by brief and orally, for the defendant.

BROCK, J.   This case arises from a decree of the Strafford County Superior Court (*King, J.*) dated December 12, 1977, enjoining the city of Rochester from "improperly interfering with the construction and operation of a convenience store and gas station on land owned by the plaintiff V.S.H. Realty, Inc.

The city alleges first that the decree is defective in that it was issued without adequate notice to the city or its attorney, thereby denying the city an opportunity to present evidence on the merits of the plaintiff's claim; and second that the decree was improper in

that the plaintiff failed to exhaust administrative remedies prior to invoking the jurisdiction of the superior court. We agree with both claims.

In February 1977 the plaintiff submitted to the city a proposal to construct a Cumberland Farms convenience store and gas station on a lot that it owned on Milton Road. In June 1977 the city enacted certain amendments to its zoning ordinance which, if valid, would have barred the proposed development. V.S.H. Realty brought a petition for declaratory judgment in Strafford County Superior Court claiming that the city had failed to comply with the statutory requirements for enacting amendments to zoning ordinances. On November 16, 1977, after a hearing at which the city admitted the zoning amendments in question had been enacted in violation of RSA 31:63, the Master (*Mayland H. Morse, Jr.*, Esq.), found that the amendments were improperly enacted and therefore without legal force and effect and that "there appears to be no valid basis on which the issuance of a building permit may be withheld as a consequence thereof." The master made no findings as to whether the proposed development would comply with the remainder of the zoning ordinance, since that question had not been raised.

The master's report was approved by *King*, J. on November 16, 1977. Later that day the plaintiff's attorney was informally advised by the Rochester building inspector in a telephone conversation that his client's property appeared to be largely in an R-1 zone which would not permit the proposed development. Seeking to contest that assertion, the plaintiff filed a motion to amend its original petition for declaratory judgment. On December 12, 1977, after a brief non-evidentiary hearing, the Superior Court (*King*, J.) entered a second decree that granted the plaintiff's motion to amend and further granted the substantive relief requested in the amendment in the form of an injunction, which prohibited the city "from improperly interfering with the construction and operation" of the proposed store and gas station. The court in essence ordered the city to grant V.S.H. Realty a building permit, with an express threat of a contempt citation for failure to comply. The city took exception to that second decree.

The city's first contention is that the December 12 decree should be vacated because the city did not receive adequate notice as to the matters to be heard at that hearing. The purpose of a notice requirement is to inform the recipient of the character of a proposed action so that he can prepare adequately for the hearing. 2 M. Merrill, Notice § 796 (1952). Here the city attorney received timely

notice that a hearing "on motions" was scheduled for December 12. From this wording he could reasonably have believed that the only matter to be argued that day was the routine question of whether V.S.H. Realty would be allowed to amend its earlier petition, and that if the amendment were granted he would have additional time to file an answer to it. Superior Court Rule 221. Instead he discovered that the court was in fact hearing the merits of the amended petition and was to grant outright the injunctive relief prayed for in the amendment, which went far beyond that sought in the original petition. *Foster v. Calderwood*, 118 N.H. 508, 389 A.2d 1388 (1978).

■ ■  The inadequacy of notice handicapped the city in responding to the merits of the amended petition. The issues raised for the first time in the amendment presented factual disputes between the parties as to what zone the V.S.H. Realty property was in and whether it had otherwise complied with the zoning ordinance, matters on which the city was entitled to present witnesses or other evidence. Assuming arguendo that the amendment itself was in order, the court erred in not affording the city an opportunity, after the amendment was made, to review the new claims and file an answer. To the extent that the court's decree disposes of the merits of the amended petition, it is defective for lack of notice and cannot stand. Notices furnished by our courts to counsel and parties should make clear what is to be heard or considered.

■ ■  There remains the additional issue of whether the trial court erred in allowing V.S.H. Realty to amend its earlier petition so as to include the request for mandamus. This amendment was not intended merely to cure a technical defect in pleadings. RSA 514:8–9; *e.g., Dupuis v. Smith Properties, Inc.*, 114 N.H. 625, 325 A.2d 781 (1974). The general rule allowing liberal amendment of pleadings applies only if the amendment does not change the cause of action or call for substantially different evidence. *Pearson v. Smith, Clark & Co.*, 54 N.H. 65 (1873). Here all issues raised by the original action were disposed of by the trial court's decree of November 16. The plaintiff then sought, by means of pleadings couched as an amendment, to introduce a new and independent cause of action. The "Motion to Amend" raised entirely new issues as to whether the property was located in a zone permitting the proposed use and whether the plans complied with the zoning ordinance, and alleged facts which arose after the November 16 decree had been issued. The remedy sought, the grant of a building permit by issuance of a writ of mandamus, went far beyond that originally requested.

On these facts this was not a proper case for amendment. *See* Superior Court Rule 220.

The city further contends that in the amended petition the plaintiff improperly invoked the jurisdiction of the superior court without first exhausting its administrative remedies. In the motion to amend, V.S.H. Realty requested first, a declaration that its property was located in a B-2 zone; and second, a decree ordering the city to permit the proposed development. The only official action which afforded a basis for those claims was an informal indication from the city building inspector that he could not issue a building permit until he had an opportunity to determine whether the V.S.H. Realty property was located in an R-1 or a B-2 zone. V.S.H. Realty made no attempt to obtain written confirmation that the permit had been denied or to appeal what it considered a final decision to the zoning board of adjustment as provided by statute. RSA 31:69.

██ Except in rare instances, if a party aggrieved by the action of a city official in zoning matters fails to exhaust statutory remedies, a petition for injunctive relief will not lie. *Bourassa v. City of Keene*, 108 N.H. 261, 234 A.2d 112 (1967); *Carrick v. Langtry*, 99 N.H. 251, 108 A.2d 546 (1954). As we have stated before, this sound rule is based on the reasonable policies of encouraging the exercise of administrative expertise, preserving agency autonomy, and promoting judicial efficiency. *Metzger v. Town of Brentwood*, 115 N.H. 287, 343 A.2d 24 (1975). It is particularly applicable when, as in this case, substantial questions of fact exist concerning a city zoning ordinance, matters that belong in the first instance to the designated local officials. *See* RSA 31:72.

██ The superior court's authority in zoning appeals is limited to a review of the zoning board's action. RSA 31:83. While it may consider additional evidence, it does not sit as a "super zoning board" and cannot overrule the board unless it finds the board's action to be unreasonable, unjust, or unlawful. *Cook v. Town of Sanbornton*, 118 N.H. 668, 392 A.2d 1201 (1978). On these facts, when the zoning board was not given an opportunity to consider the matter, the superior court did not have authority to bypass the zoning board and issue a final decree ordering the city to permit a proposed use.

██ The plaintiff here has made no contention that the zoning ordinance itself is unconstitutional or that the building inspector or the zoning board lacks the authority to act, which might justify an

exception to this rule. *E.g., Metzger v. Brentwood,* 115 N.H. 287, 343 A.2d 24 (1975). Its sole contention is that following the statutory appeal procedure would be futile and would cause undue delay. The record before us does not support this contention. The delay of which V.S.H. Realty complains, apparently caused in part by the city's attempted zoning ordinance amendment and in part by the nature of the permit process, is not in itself sufficient to justify disregard of the statutory appeal route. If at the conclusion of this matter the plaintiff can show that the city's actions were taken in bad faith and to harass it, counsel may petition for costs. RSA 31:86.

The court's decree of November 16, 1977, stands unchallenged. The court's decree of December 12, 1977, is vacated in its entirety, and the motion to amend filed by V.S.H. Realty is dismissed.

*Remanded.*

GRIMES, J., did not sit; the others concurred.