Original
No. 81-370

### PETITION OF HAZEL AND WINSTON CLARK

October 14, 1982

*New Hampshire Legal Assistance*, of Concord (*Mitchell M. Simon* on the brief, and *Deborah Kane Dickinson* orally), for the petitioners-plaintiffs.

*Gregory H. Smith*, attorney general (*Peter T. Foley*, attorney, on the brief and orally), for the State.

BROCK, J.  This is a petition for a writ of certiorari challenging the termination of the plaintiffs' Medicaid benefits by the New Hampshire Division of Welfare. We reverse.

On June 26, 1981, the division mailed to the plaintiffs, Hazel and Winston Clark, a notice of its decision to terminate their Medicaid benefits, informing them that due to the cost-of-living increase in their social security income, they would no longer be eligible for automatic Medicaid coverage. The plaintiffs objected to the termination of their benefits and on August 18, 1981, a hearing was held which resulted in the affirmance of the division's termination of benefits. On December 7, 1981, the plaintiffs filed a petition for a writ of certiorari in this court.

The plaintiffs are a disabled elderly couple, both of whom require medical services. From July 1, 1980, until July 1, 1981, their sole source of income was the $396.70 per month they received from social security. During that year, they applied to the division of welfare for financial assistance, including Medicaid. The division informed them that they were eligible for Medicaid as "categorically needy," and for a cash assistance grant of $3 per month from the State's Aid to the Permanently and Totally Disabled program. The

Clarks declined to receive this cash assistance grant because the grant was minimal and, in order to receive it, they would have had to place a lien on their home. In addition, the plaintiffs had been advised by a social worker from the division that their decision to decline cash assistance would have no effect on their Medicaid eligibility.

On June 26, 1981, the plaintiffs received the division's notice that their Medicaid benefits would be terminated as of July 31, 1981. The notice stated that the reason the plaintiffs would no longer be eligible for Medicaid was a forthcoming cost-of-living increase in their social security benefits. On July 1, 1981, the plaintiffs' income was increased to $440.40 per month as a result of the increase in social security benefits, making their income $21.40 above the State Medicaid eligibility level.

In order to prevent individuals, such as the plaintiffs, from losing their Medicaid eligibility as a result of social security cost-of-living increases, the United States Congress enacted a statute commonly referred to as the "Pickle Amendment." 42 U.S.C. § 1396a note (1976); see Ciampa v. Secretary of Human Services, 687 F.2d 518, 519 (1st Cir. 1982). That statute provides for continued Medicaid coverage for recipients whose income rises above the State cash welfare level because of a social security cost-of-living increase.

The division of welfare has interpreted the Pickle Amendment as requiring that an individual, whose income has risen above the eligibility level due to a social security cost-of-living increase, have been eligible for and have actually received cash assistance benefits before the cost-of-living increase, in order to remain eligible for Medicaid benefits. The division therefore considered the plaintiffs, who had declined the cash assistance to which they were entitled, as not being covered by the "Pickle" exception. The division, however, never notified the plaintiffs of its interpretation of their specific status or of the fact that they could be entitled to continued Medicaid benefits, notwithstanding the fact that their income had risen above the eligibility level, should they accept cash welfare benefits by July 1, 1981.

On appeal, the plaintiffs claim that the division's notice of termination of benefits violated the applicable federal regulations governing the termination of Medicaid benefits, 42 C.F.R. §§ 431.210, .211, and the due process clauses of both the United States Constitution and the New Hampshire Constitution. Specifically, the plaintiffs contend that the division was required to notify them sufficiently in advance of July 1, 1981, of the complete reasons for the proposed termination of their Medicaid benefits. The plaintiffs argue that if this had been done they could have elected to accept

the cash assistance grant before the date of the cost-of-living increase, and thus retained their Medicaid eligibility pursuant to the Pickle Amendment. The State responds that the division's notice satisfied the adequacy and timeliness requirements imposed by the federal regulations and the standards of procedural due process. It claims the division's notice clearly stated that the reason for termination of the plaintiffs' benefits was their increased income and that the division mailed its notice well in advance of the date of its actual termination of the plaintiffs' Medicaid benefits.

■■ We find merit to the plaintiffs' argument and hold that the division's notice failed to meet the requirements of procedural fairness under 42 C.F.R. §§ 431.210, .211, under the fourteenth amendment of the United States Constitution, and under part I, article 15 of our State's constitution. It is well established that before welfare benefits can be reduced or cancelled, a timely and adequate notice stating the reasons for the proposed action must be given to the recipients of the benefits. *Goldberg v. Kelly*, 397 U.S. 254, 267–68 (1970); *Dilda v. Quern*, 612 F.2d 1055, 1057 (7th Cir.), *cert. denied*, 447 U.S. 935 (1980); *see Town of Bethlehem v. Tucker*, 119 N.H. 927, 929, 409 A.2d 1334, 1335 (1979); *Royer v. State Dep't of Empl. Security*, 118 N.H. 673, 676, 394 A.2d 828, 831 (1978). This rule applies equally to the termination of Medicaid benefits. *See* 42 C.F.R. §§ 431.210, .211 (1981); *see also Smith v. Miller*, 665 F.2d 172, 175 (7th Cir. 1981); *Eder v. Beal*, 609 F.2d 695, 699–700 (3d Cir. 1979); *Kimble v. Solomon*, 599 F.2d 599, 601, 604 (4th Cir.), *cert. denied*, 444 U.S. 950 (1979).

■ To be considered adequate, the notice must give a reasonably complete statement of the information upon which the proposed action is based, the full reasons for that action, and any other data the recipients might need to figure out their eligibility. *Dilda v. Quern*, 612 F.2d at 1057; *Eder v. Beal*, 609 F.2d at 699–700; *see Appeal of Portsmouth Trust Co.*, 120 N.H. 753, 758, 423 A.2d 603, 606 (1980); *V.S.H. Realty, Inc. v. City of Rochester*, 118 N.H. 778, 780–81, 394 A.2d 317, 319 (1978). Because the division's notice did not state the complete reasons for the termination of the plaintiffs' benefits, the plaintiffs were not aware of their opportunity to remain eligible for Medicaid benefits by accepting the cash assistance grant to which they were entitled before July 1, 1981.

■ In addition, to be considered timely, the notice must give the recipients the opportunity to have a hearing on the government's action at a *meaningful time. Duffley v. N.H. Interschol. Ath. Assoc., Inc.*, 122 N.H. 484, 486, 446 A.2d 462, 463 (1982); *see Goldberg v. Kelly*, 397 U.S. at 267. The division's notice of termination was not

sent until June 26, 1981, thereby leaving the plaintiffs little opportunity to rectify their eligibility status prior to their appeal. Because their right to appeal the division's termination of their Medicaid benefits had thereby become meaningless, the notice was untimely. *See V.S.H. Realty, Inc. v. City of Rochester*, 118 N.H. at 781, 394 A.2d at 319.

██ For the foregoing reasons, we hold that the division's termination of the plaintiffs' Medicaid benefits was invalid. The plaintiffs' Medicaid benefits should be reinstated retroactive to July 31, 1981, the date of termination.

*Reversed and remanded.*

BOIS, J., concurred in the result; the others concurred.