Department of Public Works and Highways
No. 83-080

APPEAL OF JOSEPH CLEMENT d/b/a
HENNIKER PHARMACY, INC.
(New Hampshire Department of Public Works and Highways)

February 16, 1984

*Brown & Nixon P.A*, of Manchester (*Edward W. Stewart, Jr.*, on the brief and orally), for the plaintiff.

504

*Gregory H. Smith*, attorney general (*Steven M. Houran*, attorney, on the brief and orally), for the State.

DOUGLAS, J. The plaintiff, Joseph Clement d/b/a Henniker Pharmacy, Inc., appeals the order of the associate highway commissioner, under RSA 541:6. After a hearing, the associate commissioner found that the plaintiff's billboard was a nuisance and ordered the plaintiff either to remove the billboard or to apply for a permit. We reverse.

The plaintiff has maintained a billboard, advertising his store, on Route 114 in Henniker, New Hampshire, since before 1970. This billboard was legally established on private property and complied with all applicable regulations until July 1, 1976.

The legislature enacted the "Outdoor Advertising Act," RSA chapter 249-A (now RSA 236:69–89), effective January 1, 1970, to regulate "advertising devices on the interstate and federal aid primary highway systems." RSA 236:69. Route 114 in Henniker was not designated as a federal aid primary highway by this act. On July 1, 1976, following a public meeting, the department of public works and highways (the department) reclassified Route 114 in Henniker from a federal aid secondary to a federal aid primary highway, with the agreement of the United States Secretary of Transportation.

The reclassification had the effect of subjecting the billboards on Route 114 to the provisions of RSA 236:69–89, and the plaintiff's billboard thus became nonconforming, requiring a permit for continued existence, RSA 236:72. The act also provides that, after five years, the permit may be revoked and the billboard ordered physically removed, provided just compensation is paid. RSA 236:77.

The plaintiff refused to apply for a permit because he believed that the reclassification of Route 114 was illegal. A hearing was held by the department on November 4, 1982. The assistant commissioner declared the billboard a nuisance and ordered it removed, RSA 236:78, but also provided that the order would be rescinded if the plaintiff would apply for a permit and pay all back permit fees within thirty days.

The plaintiff appeals the department's order, claiming: (1) that Route 114 was reclassified without a hearing or proper notice, thus violating the due process clause of the New Hampshire Constitution; and (2) that the reclassification of Route 114 was an improper exercise of legislative power by the department. We do not reach these issues because we conclude that the plaintiff was denied a hearing in violation of RSA 236:84.

■ The "Outdoor Advertising Act" was intended as a comprehensive scheme to regulate billboards on federal aid primary highways. Under the act, the commissioner of the department of public works and highways is empowered to adopt new rules and regulations, subject to certain limitations. RSA 236:84 provides:

> "Prior to the adoption, amendment or repeal of any rule or regulation under this subdivision the commissioner shall give notice to licensees . . . and such other notice as he deems proper and afford interested persons an opportunity to present data, views or arguments. If the commissioner finds that oral presentation is unnecessary or impracticable, he may require that presentation be made in writing."

■ RSA 236:83 provides that "[t]he commissioner . . . may enter into agreements with the secretary of transportation . . . provided that any such agreement shall be consistent with, and not more restrictive than, the provisions of this subdivision. . . ." These two statutes indicate a legislative intent to limit the authority of the commissioner by subjecting new regulations to public hearings and by limiting the scope of his agreements with the secretary of transportation.

■ The reclassification of a highway by the commissioner, with the knowledge that this action would be more restrictive of existing billboards, is a "regulation" within the meaning of RSA 236:84. The plaintiff, therefore, was entitled to notice and "the opportunity to present data, views or arguments," RSA 236:84, regarding the reclassification of Route 114 in Henniker. In recognition of its obligation to give notice to interested parties, the department sent a notice to the *Concord Monitor* for publication therein. The notice stated:

> "The second annual public meeting to provide information on highway projects under consideration for inclusion in the Department's Federal Aid Construction Program within the Central N.H. Regional Planning area. . . . This meeting has been scheduled to provide an opportunity for public participation in the program development as provided for in the Department's Action Plan for the consideration of Economic, Social and Environmental Effects in processing Highway projects."

■ This published notice does not indicate that the reclassification of Route 114, or any other highway in the region, was under consideration by the department. "The purpose of a notice require-

ment is to inform the recipient of the character of a proposed action so that he can prepare adequately for the hearing." *V.S.H. Realty, Inc. v. City of Rochester*, 118 N.H. 778, 780, 394 A.2d 317, 319 (1978); *see Sununu v. Clamshell Alliance*, 122 N.H. 668, 672–73, 448 A.2d 431, 434 (1982); *see also Whisenhunt v. Spradlin*, 701 F.2d 470 (5th Cir.), *cert. denied*, 104 S. Ct. 404, 407 (1983) (Brennan, J., dissenting) (quoting *Connally v. General Construction Co.*, 269 U.S. 385, 391 (1926)):

> "We have long recognized that 'a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law'. . . . The requirement that the government afford reasonable notice of the kinds of conduct that will result in deprivations of liberty and property reflects a sense of basic fairness as well as concern for the intrinsic dignity of human beings."

We conclude that this notice was so inadequate that no reasonable person with an interest in land adjacent to Route 114 would have surmised from reading it that he should even attend the described meeting. Accordingly, the plaintiff's billboard is not subject to the provisions of RSA 236:69–89 or to other regulations pertaining to advertising on federal aid primary highways, and the order of the department is reversed.

*Reversed.*

KING, C.J., did not sit; the others concurred.