Merrimack
No. 90-138

MARCEL A. DUCLOS

v.

ELAINE M. DUCLOS

March 13, 1991

*Hampe and McNicholas*, of Concord (*Richard A. Hampe* on the brief and orally), for the plaintiff.

*Nixon, Hall and Hess P.A.*, of Manchester (*Frank E. Kenison* and *Francis G. Murphy, Jr.*, on the brief, and *Mr. Murphy* orally), for the defendant.

JOHNSON, J.   The Superior Court (*Manias, J.; Larry Pletcher*, Master) granted the plaintiff, Marcel A. Duclos, a default judgment on his divorce action brought against his wife, Elaine M. Duclos. She

asserts on appeal that the notice she received of the final hearing in this action failed to inform her adequately of the nature of the proposed hearing, and thus that her motion to set aside her default and stay the divorce decree should have been granted. We agree and therefore reverse and remand.

The parties had been married for eighteen years and were raising six children when, on July 14, 1989, Mr. Duclos commenced a divorce proceeding against his wife. After filing this action, Mr. Duclos continued to reside in the homestead with Mrs. Duclos and the children. Mrs. Duclos was served with a libel for divorce, but she failed to file an appearance, either by counsel or personally. Apparently, Mrs. Duclos did not want a divorce and hoped her husband would change his mind and abandon the action.

On November 27, 1989, the superior court sent Mrs. Duclos a document entitled "Notice of Hearing," which recited the name of the case and stated, "A hearing in the above case has been scheduled at 9:00 a.m., December 15, 1989, in the matter of: Default Hearing . . . ." Copies were shown on the notice as having been sent to Richard Hampe, Esquire, counsel for Mr. Duclos, and to "Elaine M. Duclos, Defendant."

At the December 15 hearing, Mr. Duclos presented testimony to support a finding that a divorce should be granted because of irreconcilable differences. The master so found and incorporated into his recommended decree a three-page proposed decree prepared by Mr. Duclos' counsel that determined custody and visitation rights as to the children, support for the children, and the disposition of real estate, personal property, retirement benefits earned by Mr. Duclos, and other property and debts of the parties. Mrs. Duclos was never presented with a copy of the proposed decree and, thus, never had an opportunity to consider it or respond to it prior to the December 15 hearing. The master's recommendation was approved by the court, and a final decree was issued on December 27, 1989.

It was not until early January, 1990, that Mrs. Duclos received the clerk's notice, mailed January 3, 1990, enclosing a copy of the "Final Decree." She then realized that the hearing on "default judgment" was in reality a final hearing on the merits of her husband's libel for divorce, which included not only the issue of the dissolution of the marriage, but also property division, spousal support, and child custody issues. She immediately sought legal assistance, whereupon she filed a motion to set aside the default judgment and stay the divorce decree, which the court denied.

44

The issue before us is whether the notice of the December 15, 1989 hearing adequately apprised Mrs. Duclos of the nature of the proceeding, so that she could make an informed decision as to whether or not to appear.

■ The applicable Superior Court Rules are as follows:

"159-A. No divorce, legal separation or annulment will be heard on its merits in any case where no appearance has been made by the opposing party unless an affidavit is filed by the plaintiff certifying that there has not been any cohabitation with the opposing party since the date alleged in the libel or petition.

159-B. If an affidavit is not filed with the Clerk as indicated in Rule 159-A, the uncontested divorce, separation or annulment proceedings may nevertheless proceed following at least 14 days' written notice to the defendant in any divorce, separation or annulment proceeding where the parties have cohabited following the date alleged in the libel or petition."

The purpose of the notice required by Rule 159-B is to avoid the very consequences which this case presents.

"The purpose of the rule is to avoid the situation where a libelant and libelee resume cohabitation and apparently have made up while the defaulting libelee is not aware that the uncontested divorce decree may quietly be obtained some day when the other spouse is ostensibly at the store or at work."

DOUGLAS, 3 NEW HAMPSHIRE PRACTICE, FAMILY LAW § 207, at 185 (1982). It is of no consequence whether the parties ceased and then resumed cohabitation for a period of time, or continued to live together throughout the divorce proceedings.

As has been noted, Mrs. Duclos did not file an appearance personally or through counsel. Further, Mr. Duclos did not file an affidavit pursuant to Rule 159-A that there had not been any cohabitation. It is undisputed that the parties continued to live together after the libel was filed. Indeed, the children were not informed of Mr. Duclos' legal action until after the final hearing in the divorce proceedings. Thus, reasonable notice pursuant to Rule 159-B became a necessity for a valid final divorce decree.

■ In *Morphy v. Morphy*, 112 N.H. 507, 298 A.2d 580 (1972), we stated that reasonable notice meant that the notice sent to a litigant

must be "reasonably calculated to give the defendant actual notice *of the issue* and the hearing." *Id.* at 510, 298 A.2d at 582 (emphasis added). Here, the defendant did not receive adequate notice of the issue to be decided at the December 15, 1989 hearing. The notice to Mrs. Duclos indicated the matter to be considered was a "default hearing"; from this terse notice a reasonable person receiving the court's notice would not have been fairly informed that a final hearing on the merits in the named divorce action would be held on the scheduled date.

■  Thus, we hold that the notice sent to Mrs. Duclos was inadequate to fairly inform her of the nature of the proposed hearing and to adequately prepare for such a hearing. *See V.S.H. Realty, Inc. v. City of Rochester*, 118 N.H. 778, 780, 394 A.2d 317, 319 (1979). Hence, the notice was not in compliance with the rules of the superior court, and the defendant's motion should have been granted.

*Reversed and remanded.*

All concurred.