Cheshire
No. 94-743

TOWN OF SWANZEY

v.

WESLEY J. LIEBELER

April 9, 1996

*Bradley, Burnett & Kinyon, P.A.*, of Keene (*Beth R. Fernald* on the brief and orally), for the plaintiff.

*Michael P. Bentley*, of Keene, and *Wesley J. Liebeler*, of Newfane, Vermont, *pro se*, (*Mr. Bentley* on the brief, and *Mr. Liebeler* on the reply brief and orally), for the defendant.

JOHNSON, J. The defendant, Wesley J. Liebeler, appeals the ruling of the Superior Court (*Brennan*, J.) that the Town of Swanzey (town) is entitled to injunctive relief under RSA 676:15 (Supp. 1995) for a violation of RSA chapter 310-A (1995) and section 108.1 of the BOCA National Building Code (1984) (BOCA code), as adopted by the town, *see* RSA 674:52 (Supp. 1995), and ordering the defendant to pay a civil fine of $5,500. *See* RSA 676:17, I(b) (Supp. 1995). The town filed a cross-appeal, arguing that the superior court erred in refusing to award attorney's fees and costs of the litigation pursuant to RSA 676:17, II (1986). We affirm in part and reverse in part.

The defendant purchased the Denman Thompson House in Swanzey in December 1993, intending to renovate the house and an adjacent building into residential apartments. The defendant prepared the plans for the renovation himself and obtained a conditional site plan approval from the town. The site plan was subject to final approval by the Swanzey Fire Department after satisfaction of seven conditions imposed by the fire department. After renovations began, the defendant and town fire officials disagreed over the reasonableness of some of the conditions, and the defendant asked the State Fire Bureau to intervene in the dispute. The State Fire Bureau informed the town that the defendant was in violation of RSA chapter 310-A, which, according to the Bureau, required that the defendant have plans and specifications for his project prepared by a licensed architect.

The defendant informed the town that he did not believe that RSA chapter 310-A was applicable and therefore he was not required to have plans drawn up by a licensed architect. The town issued a cease and desist order on January 21, 1994, stating that all renovation work "may not resume until [the defendant is] in compliance with the provisions of [RSA chapter 310-A]." The defendant initially refused to comply with the order. At the urging of his bank, the defendant finally did have plans prepared by a licensed architect on approximately March 8, 1994. He did not, however, inform the town that the plans had been prepared. The town filed a petition for injunctive relief with the superior court on March 10, 1994, asking the court to enjoin the ongoing renovation, award attorney's fees, and fine the defendant for ignoring the cease and desist order. The court granted injunctive relief and imposed a $100 per day fine for each day that the cease and desist order had been outstanding, but denied the town's request for attorney's fees.

When the town later discovered that the defendant had obtained plans from a licensed architect prior to its petition for injunctive relief, it petitioned the superior court to reconsider awarding attorney's fees, claiming that the defendant had acted in bad faith and unnecessarily prolonged the litigation. The superior court denied the town's motion, and this appeal and cross-appeal followed.

The defendant argues that it was error for the trial court to impose civil penalties for his refusal to obtain architectural plans. He states that it was improper for the trial court to impose civil penalties because the order failed to comply with the notice requirements of RSA 676:17-a, I (Supp. 1995), which governs cease and desist orders. We need not address the defendant's claim, however, because the town concedes that the cease and desist order was deficient, but argues instead that civil penalties were appropriate under RSA 676:17, I, which provides in part:

> Any person who violates any of the provisions of this title, or any local ordinance, code, or regulation adopted under this title, . . . (b) [s]hall be subject to a civil penalty not to exceed $100 for each day that such violation is found to continue . . . after the date on which the violator receives written notice from the municipality that he is in violation
> . . . .

The town states that the cease and desist order, which informed the defendant of an alleged violation of RSA chapter 310-A, served as notice of a violation of the BOCA code, which is a "local ordinance, code or regulation" under RSA 676:17, I(b). RSA chapter 310-A is the licensing statute applicable to architects, engineers,

and land surveyors. The relevant sections require a licensed architect to prepare the drawings and specifications for a building over 4,000 square feet. *See* RSA 310-A:50, I(e), :52, IV. The Denman Thompson House is over 4,000 square feet. Section 108.1 of the BOCA Code was incorporated into the town's zoning ordinance in 1992, *see* RSA 674:52, and states:

> All design for new construction work, alteration, repair, expansion, addition or modification work involving the practice of professional architecture or engineering, *as defined by the statutory requirements of the professional registration laws of the state* in which the construction is to be undertaken, shall be prepared by registered professional architects . . . .

(Emphasis added). The town argues that by giving notice of the alleged violation of RSA chapter 310-A, it alerted the defendant to the fact that he was also in violation of the BOCA code and therefore subject to civil penalties under RSA 676:17, I(b).

 We have held that adequate notice is notice that is reasonably calculated to give the defendant actual notice of the issue to be decided at the hearing. *See Duclos v. Duclos*, 134 N.H. 42, 44-45, 587 A.2d 612, 613-14 (1991); *cf. Petition of Smith*, 139 N.H. 299, 305, 652 A.2d 154, 158-59 (1994) (due process requires a reasonably complete statement of the information upon which the action is based). The question is, therefore, whether the cease and desist order notifying the defendant of a violation of RSA chapter 310-A can reasonably be found to have given notice of a BOCA code violation. We hold that it can not. While we agree that the defendant may not be excused for lack of knowledge of local building codes, he may not be fined with civil penalties under RSA 676:17 unless given reasonable "written notice" that he is in fact in violation of a town ordinance. There is no evidence in the record that the defendant was notified that he was in violation of the BOCA code until the town filed its petition for injunction. Mere reference to RSA chapter 310-A in the cease and desist order is not sufficient notice. Therefore, we reverse the trial court's award of civil penalties.

The defendant also argues that the injunction was improper because he did not violate RSA chapter 310-A and further that the town has no authority to seek an injunction under that statute. Given that the defendant has complied with the town's request that he obtain plans prepared by a licensed architect, that the project is complete, and that all necessary approvals have been granted by the town, the issue is moot.

In addition, the defendant argues that he is entitled to costs and attorney's fees associated with this litigation and that the town must reimburse him for the cost of the architectural plans. This issue is not properly before this court, however, because it was never raised below. *Cf. LaRoche Adm'r v. Doe*, 134 N.H. 562, 569, 594 A.2d 1297, 1302 (1991) ("It is not our province to consider [an issue] here, when it was not raised below."). Therefore, we do not address it.

Finally, the town, in its cross-appeal, argues that the lower court erred in refusing to grant attorney's fees. While the general rule is "that each party to a lawsuit is responsible for payment" of its own attorney's fees, *Adams v. Bradshaw*, 135 N.H. 7, 16, 599 A.2d 481, 487 (1991), *cert. denied*, 503 U.S. 960 (1992), a court has the power to grant fees where there is "statutory authorization, an agreement between the parties, or an established exception." *Flanagan v. Prudhomme*, 138 N.H. 561, 576, 644 A.2d 51, 62 (1994). *See generally Adams*, 135 N.H. at 16-17, 599 A.2d at 487-88 (discussing the recognized exceptions to the general rule).

■ While the superior court stated that the defendant had "in a sense, manipulated the [town] by failing to disclose that he held the architectural plans," it denied the town's request because "the issue as to whether the plans were required is one of statutory construction involving a real and substantial question of law." We will not disturb the ruling of the lower court unless it constitutes an abuse of discretion. *City of Dover v. Kimball*, 136 N.H. 441, 445, 616 A.2d 516, 518 (1992).

■ The town argues that there is statutory authority for the granting of fees and that they are entitled to fees because the defendant, by withholding the fact that he had obtained the architectural plans, acted in bad faith and forced the town to engage in unnecessary litigation to compel compliance with the cease and desist order. RSA 676:17, II states that municipalities "may recover" attorney's fees expended in legal actions brought to enforce local ordinances. The statutory language of RSA 676:17, II, however, is permissive, not mandatory. *See Town of Nottingham v. Harvey*, 120 N.H. 889, 895, 424 A.2d 1125, 1129 (1980).

We have recognized that a court has the power to award fees in any action "unnecessarily prolonged through a party's oppressive, vexatious, arbitrary, capricious or bad faith conduct." *Adams*, 135 N.H. at 16-17, 599 A.2d at 488 (quotation omitted). The award of fees is justified as "compensation for those who are forced to litigate against an opponent whose position is patently unreasonable," *Keenan v. Fearon*, 130 N.H. 494, 502, 543 A.2d 1379, 1383 (1988),

without "any reasonable basis in the facts . . . or any reasonable claim in the law." *Id.*

■ "In applying the abuse of discretion standard, we look for some support in the record for the trial court's decision," *Daigle v. City of Portsmouth*, 137 N.H. 572, 574, 630 A.2d 776, 777 (1993) (quotation and brackets omitted), and "keep in mind the tremendous deference given to a lower court's decision on attorney's fees." *Adams*, 135 N.H. at 16, 599 A.2d at 487. While the defendant's actions were certainly egregious, we cannot find error in the trial court's finding that it was not unreasonable for the defendant to seek adjudication of whether RSA chapter 310-A was applicable. The town had petitioned the court to impose civil penalties, and it was reasonable for the defendant to challenge the basis for imposing them, especially since those civil penalties would still have been applicable from the date of the cease and desist order to the date he obtained the plans. Therefore, because we cannot find that the litigation was unreasonably prolonged by the defendant's conduct, we affirm the ruling of the lower court denying the award of fees to the town.

*Affirmed in part; reversed in part.*

All concurred.